PATRICK FLYNN

*v.*

MORTIMER HATHAWAY.

1. EVIDENCE—*proof of execution when necessary.* Where a sheriff is sued for levying upon mortgaged chattels as the property of the mortgagor, by the assignee of the mortgage, the note described in the mortgage is not admissible in evidence without proof of its execution.

2. LAW AND FACT. It is error for the court, in its instructions, to submit the question of the due execution of a chattel mortgage to the jury.

3. CHATTEL MORTGAGE. Where the holder of a note secured by chattel mortgage sues an officer for levying upon and selling the mortgaged chattels under execution against the mortgagor, the production of the note and mortgage in evidence, or proof of their loss and contents, is indispensable to a recovery.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. C. M. BRAZEE, for the appellant.

Messrs. LATHROP & BAILEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was trover, brought in the Winnebago circuit court by appellee, against appellant, the sheriff of that county.

March 22, 1869, Zimmerman executed a chattel mortgage upon the goods in question, to Leeds, to secure the payment of Zimmerman's promissory note, of even date, for $800, payable in one year.

Leeds, by assignment on the mortgage made December 9, 1869, sold, assigned and transferred the mortgage, together with the note and goods mentioned in it, to appellee, Hathaway.

January 17, 1870, appellant, having four executions in his hands, issued out of said court against Zimmerman in favor of different parties, as sheriff, levied them on the mortgaged property, notwithstanding the mortgage was recorded March 30, 1869. There was then demand made by Hathaway for the property, refusal, and the property sold on the executions; whereupon this action was brought by Hathaway against the sheriff for the wrongful conversion of the property, and recovery had.

The question of the *bona fides* of the transaction out of which the mortgage arose was for the jury. The introduction of the mortgage and note in evidence, or proof of their loss, and secondary evidence, was indispensable to appellee's case. The mortgage purported to have been acknowledged before a justice of the peace. When offered in evidence, it was objected to as not properly acknowledged. The objection was overruled, and the instrument admitted and read to the jury. Appellee's counsel then offered a note purporting to have been made by Zimmerman, for $800, payable, one year after date, to the bearer, Richard C. Leeds. The note described in the mortgage was payable to the order of Richard C. Leeds. This was objected to on the specific ground that the execution of the note had not been proven. The court overruled the objection, and admitted the note in evidence.

We are of opinion that, as between the assignee of the mortgage and the sheriff, who represented the execution creditors, proof of the execution of the note by Zimmerman was

necessary. The record fails to show that proof of the execution of the note was made; and it was error to admit it in evidence without it.

By the first and second instructions, the court submitted the question of the due acknowledgment of the mortgage to the jury.

This was error. *Bullock* v. *Narrott*, 49 Ill. 62; *Bailey* v. *Godfrey*, 54 Ill. 512. This error being the only one we should be disinclined to reverse for it, when it appeared, as it does here, that there is no legal objection to the acknowledgment.

We regard the other points made untenable; but for the error indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*