## ZEPHENIAH DOWDEN *et al.*

### *v.*

## JESSE T. WILSON.

1. CHANCERY—*referring issues of fact to a jury is discretionary with the court.* The granting or refusing a motion to refer issues of fact on a bill to foreclose a mortgage, is a matter in the discretion of the court.

2. SAME—*effect of amending bill by consent and waiving oath to answer, after sworn answer filed.* Where the defendant in a chancery suit, after filing his answer under oath, stipulated that the complainant might amend his bill, and waive the oath to the answer of defendant, and complainant made the amendment under this stipulation, and the defendant filed an answer not sworn to, it was not necessary for the complainant to overcome the sworn answer by evidence equal to two witnesses.

3. FORECLOSURE OF MORTGAGE—*note and mortgage must be produced or their loss or destruction proved.* It is error for a court to render a decree of foreclosure of a mortgage, without the note and mortgage are produced or their non-production accounted for, notwithstanding the answer of the defendant may admit their execution.

4. SECONDARY EVIDENCE of the contents of the note and mortgage would not be admissible without first making proof of the loss or destruction of the originals.

APPEAL from the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. CALVIN H. FREW, for the appellants.

Messrs. SWAN & GRAY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed in the circuit court of Ford county, by Jesse T. Wilson against Zepheniah Dowden and Hiram Wesley, to foreclose a mortgage given by Dowden to Wilson, to secure the payment of three promissory notes, amounting to $1000.

The cause was heard on bill, answer, replication and evidence introduced by each party, and a decree rendered in favor of the complainant.

The court refused to refer certain issues of fact to a jury on motion of the defendants, and it is claimed this was error.

The granting or refusing of the motion was clearly in the discretion of the court. While it is often very proper in a chancery case, where the facts are complicated. to have an issue of fact submitted to a jury, yet the facts in this case were not of that complicated character to render it obligatory, or even necessary, for the court to take the verdict of a jury upon them.

It is urged by appellants that the answer of the defendants being under oath, and not disputed by evidence equivalent to two witnesses, it should have been held and taken by the court as true.

There would be some force in this position were it not for the fact that, after the answer was filed, the solicitors for defendants stipulated that the complainant might amend his bill and waive the oath to the answers of defendants, which amendment was made under the stipulation. and then defendants filed answers not sworn to. This effectually disposes of the position taken.

The main defense relied upon by the defendants in the circuit court, and also insisted upon here, is, that the consideration of the notes had failed.

It is alleged in the answer, the notes and mortgage were given for a patent right in certain counties in the State of Indiana, on a patent wagon brake; that complainant represented to defendant Dowden that the invention was useful, cheap, durable and popular, and that he had the right in the counties he proposed to sell; and, relying solely on these representations, he executed the notes and mortgage; that the invention was worthless and not as represented, and that complainant had previously sold and disposed of the patent to a part of the counties.

The evidence preserved in the record does not sustain the position taken.

The complainant testifies that he made no representations that were not true. Defendant testifies that all the representations made were false, and in order to prove the invention of no value, he calls three or four witnesses who have never seen it tried, but give their opinion, from an examination of the model, that the wagon brake will not work successfully.

We do not consider this evidence sufficient to establish a failure of consideration of the notes. If the wagon brake was worthless, certainly the defendants could have proven that it had been actually tried and would not work as claimed and represented.

If the complainant sold this patent right to the defendants, and agreed that a wagon brake made according to the patent would do good work, and was thus valuable; and if, upon actual trial, the invention turns out to be worthless and the brake will not do the work recommended, then the complainant ought not to recover.

The evidence does not show this state of facts, nor does the defendant prove that complainant had previously sold any part of the territory he purchased. He testifies a certain person claimed to have bought a portion of it, but whether this was the fact or not, he does not show.

There is, however, one ground upon which the decree will have to be reversed. The notes and mortgage upon which the decree was rendered were not produced, neither was it proven that they were lost or destroyed. The court permitted parol evidence of the contents of the notes and mortgage, without requiring proof of their loss or destruction.

We understand it to be well settled that the complainant had no right to introduce secondary evidence of the contents of these papers, without first making proof of the loss or destruction of the originals. 1 Greenleaf on Evidence, 558; *Snapp* v. *Hunt*, 24 Ill. 549; *Snapp* v. *Pierce*, ib. 158.

At the hearing, it was error for the court to render a decree in favor of the complainant upon the notes and mortgage, unless they were produced or their non-production accounted

for.  Lucus v. Harris, 20 Ill. 165; Moore v. Titman, 35 ib. 310.

It is, however, urged by appellee that the answer of the defendant admits the execution of the notes and mortgage, and hence their production was not necessary.

This position is not tenable.  A promissory note is a negotiable instrument—the ownership and title could be changed by indorsement.  The fact that the defendants admitted in their answer that they executed the notes and mortgage, did not show that complainant, at the time of the trial, owned and had the right to a judgment thereon.

For this error the decree will be reversed, and the cause remanded, with leave for either party to take further proof.

*Decree reversed.*