C. F. Rushing et al. vs. R. S. Rushing, Adm'r, etc.

52 329
72 483

1. Evidence: *Admissibility of a party against the estate of a deceased person.* The plaintiff, an administrator, brought an action of replevin against R. and wife to recover cattle and horses. R., the defendant, demanded the right to

testify, notwithstanding the suit was brought by an administrator in his representative capacity, upon the ground that the point in issue was whether the property did belong to the estate or the defendant, and that this question could not be decided by the court *in limine*. *Held*, that the testimony of the defendant was inadmissible, and that he was properly excluded as a witness.

2. Same: *Of a party to the record who has no interest in the suit.*

Where R. and his wife were sued by an administrator, in replevin, R. offered himself as a witness, stating that he neither had nor claimed any interest in the property in controversy; that the same belonged to his wife. *Held*, that his testimony was admissible on that ground, and it was error to exclude him as a witness.

Error to the Circuit Court of *Leake* County.

Hon. W. B. Cunningham, Judge.

The opinion of the court contains a sufficient statement of the case, with the facts necessary to a full understanding of the principles.

The errors assigned are substantially as follows:

1. In refusing to admit W. S. Rushing to testify in this case.

2. In overruling motion for a new trial.

3. In rendering judgment.

4. In granting 3d instruction for defendant in error.

*F. B. Pratt*, for plaintiff in error:

1. The testimony of defendant below (Rushing) was objected to, as coming under the provisions of the Code, 1871, § 758. The objection was sustained. The defense then offered him as a witness, and offered to show by him that he had no interest in the suit—that he was only a nominal defendant. The court held that he was incompetent, under § 758, *supra*. We insist that he was a competent witness: 1st. Because that was the very question at issue—did the property belong to the estate of a deceased person? It is a disputed question. See Beach *v.* Pennell, 50 Me., 592; Code of Me., § 83. 2d. He was clearly a competent witness when it was shown that he had no interest in the suit, or in the property in controversy; that he was a nominal defendant merely. As conclusive authority on this point see Hedges *v.* Aydlett, 46 Miss., 107.

[The reporters find no brief for defendant in error.]

Apr. T. 1876.] RUSHING et al. vs. RUSHING, Adm'r, etc. 331

Opinion of the court.

CHALMERS, J., delivered the opinion of the court.

The only question properly presented by the record is as to the exclusion as a witness of plaintiff in error, defendant below.

The suit was brought in replevin by plaintiff below, as administrator of the estate of his intestate, claiming possession and title of some cattle and horses, which were alleged to be wrongfully withheld by defendant and his wife. Defendant demanded the right to testify in person on the trial, notwithstanding the suit was brought by the administrator in his representative capacity, upon the ground that the very point at issue was whether the property did belong to the estate of the deceased; that the right to exclude him as a witness depended upon whether, in point of fact, he was testifying against a dead man's estate, and that this question could not be decided by the court *in limine*. We have been referred to the case of Roach *v.* Pennell, 50 Me., 587, as announcing the doctrine here contended for. The statute of that state is not altogether like our own, nor does the decision seem so broad as supposed. In any event we cannot sanction the construction contended for. It would practically repeal the provision of the statute declaring the incompetency of parties to the record as witnesses against the estates of decedents.

Defendant claims to testify on the foregoing ground. Having been denied, he offered himself again as a witness, stating that he neither had nor claimed any interest in the property in controversy; that the same belonged to, and was in the possession of, his wife. He was again excluded, on the ground that he was a party to the record. This was erroneous. It was held in Hedges *v.* Aydlett, 46 Miss., 107, that the nominal plaintiff, who had been the original payee of the note sued on, was a competent witness in the case in the suit against the estate of the maker, upon his own statement that he had no interest in the note. The same reasoning would apply to the case of a husband who sues or is sued with his wife, for conformity.

There is an apparent conflict between the case of Hedges *v.*

Aydlett, *supra*, and the case of Reinhardt *v.* Evans, 48 Miss., 230. The case at bar presents a feature not found in either of the others, in this: that the husband has never had any interest in the subject-matter of the controversy; whereas, in each of the others, the nominal plaintiffs were the original owners of the claims sued on, and in the case in 48 Miss., the assignment took place after the initiation of the suit.

By the Code of 1871, § 760, husband and wife are competent witnesses for each other in civil cases. This privilege will be destroyed if they can be deprived of it by joining the husband, for conformity, in a suit where he has no interest.

The other errors assigned are not properly presented by the record. The jury failed to indicate in their verdict the value of each article separately. This was not taken advantage of in the court below, by motion in arrest of judgment or otherwise. In this court it would not entitle plaintiff in error to a new trial, but only to a setting aside of the judgments of the court below, and the awarding of a writ of inquiry. Drave *v.* Hibzheim, 13 S. & M., 336.

For error in the exclusion of W. S. Rushing, the case is reversed and remanded, and *venire de novo* awarded.