## Anna M. Becker *vs.* Samuel C. Dunham.

### July 22, 1880.

Chattel Mortgage—Redemption—Garnishment.—Under Gen. St. 1878, c. 39, § 8, and c. 66, § 183, where the mortgagee in a chattel mortgage has not sold the mortgaged goods or foreclosed the mortgage, the mortgagor has a subsisting right of redemption, which is subject to the claims of the mortgagor's creditors, and may be reached by garnishment. Whether it can properly be reached by a levy upon the mortgaged goods in the rightful possession of the mortgagee, *quære*.

Same—Attachment—Measure of Mortgagee's Damages.—But where the goods are in fact seized upon writs of attachment against the mortgagor while in the rightful possession of the mortgagee, the latter, in an action against the levying officer, can recover only the value of his interest in the goods.

Appeal by defendant from an order of the district court for Rice county, *Mitchell, J.*, presiding, (acting for the judge of the 5th district,) refusing a new trial. The case is stated in the opinion.

*J. H. Case*, for appellant.

At the time of the attachments, the mortgagors had a leviable interest in the property covered by the chattel mortgages, and the defendant might lawfully levy upon and sell such property, subject to the liens of the mortgages. Gen. St. 1878, c. 39, § 8; c. 66, § 309; *Hall* v. *Sampson*, 35 N. Y. 274.

The plaintiff, by virtue of her chattel mortgages, had a special interest only in the mortgaged property, and could

recover, if at all, only the value of her interest therein, which could not exceed $340, and interest from November 20, 1878, being that portion of the mortgage debt owned by her. *La Crosse & Minn. Packet Co.* v. *Robertson,* 13 Minn. 291; *Ward* v. *Henry,* 15 Wis. 262; *Saxton* v. *Williams,* Id. 320; *Parish* v. *Wheeler,* 22 N. Y. 494, 512; Sedgwick on Damages (6th Ed.) 601-3, 662-3.

*Baxter & Quinn,* for respondent.

The argument that mortgaged property is subject to levy and sale on execution against the mortgagors is inapplicable to the facts of this case, since, under the clause in the mortgages, the plaintiff had a right to take possession of the property, "at any time when she may think proper," (*Hall* v. *Sampson,* 35 N. Y. 274; *Sherman* v. *Clark,* 24 Minn. 37;) and the plaintiff having exercised that right, the interest of the mortgagors in the property was extinguished, and there remained in them but the right of redemption. *Gordon* v. *Hardin,* 33 Iowa, 550; *Mattison* v. *Baucus,* 1 N. Y. 295; *Galen* v. *Brown,* 22 N. Y. 37; *Hall* v. *Sampson,* 35 N. Y. 274.

There is no question but that the note the plaintiff's title to which is in dispute, was in her possession, and is a valid debt of the mortgagors. It is also found that the mortgages are free from any fraud. Such being the case, and no fraud, accident or mistake being alleged or proved, the defendants, (if they have any rights at all as against plaintiff,) having only the interest of the mortgagors, are not in a situation to object that plaintiff is not owner of the debt evidenced by such note. *Foster* v. *Berkey,* 8 Minn. 310 (351.) That debt was due and payable, and the mortgage provides that the proceeds of a sale thereunder should be applied to satisfy it. When so applied the indebtedness of the mortgagors is lessened by such amount, and the mortgagors receive the benefit and their creditors lose nothing, no matter who holds the security. *Foster* v. *Berkey,* 8 Minn. 310 (351.)

The contract being one of mortgage, only the plaintiff, or some one acquiring her legal interest, can enforce it. That

3

the representatives of her husband may have some right in the debt is a matter of indifference to the mortgagors and judgment creditors. So far as is necessary for the purposes of this action, plaintiff is at least the nominal party in interest, and as such her lien extends to the full amount of the two mortgages, as found by the court.

BERRY, J. The plaintiff seeks to recover the value of certain goods alleged to have been wrongfully taken and converted by defendant. Plaintiff's title to the goods rests upon two chattel mortgages of the same, running to her. One of the mortgages was given to secure a note of $340 belonging to the plaintiff, and, as respects that mortgage, her right of recovery is clear. The other mortgage was given to secure a note for $200, which belonged to her husband in his lifetime, and which, at the time when the mortgage was given, belonged to his estate, to which it still belongs, he having deceased. At the time when this note was made, he (the husband) handed it to the plaintiff, (as was his custom with respect to such papers,) but, so far as appears, it was handed to her as a depositary merely, and without any intention to give it to her, or to give her any interest in it.

The defendant, as a proper officer, seized the goods upon sundry writs of attachment against the mortgagors, and subsequently sold the same to satisfy the judgments recovered in the actions in which the attachments issued. At the time of the seizure, the plaintiff was rightfully in possession of the goods, each of the mortgages authorizing her to take such possession at any time when she thought proper, and the note belonging to her being due and unpaid. But as she had not sold the mortgaged goods, or foreclosed, the mortgagor had a subsisting right of redemption. Gen. St. 1878, c. 39, § 8. This right was subject to the claims of creditors, and could, undoubtedly, be reached by garnishment. Gen. St. 1878, c. 66, § 183. Whether it could be properly reached in any other way, as, for instance, by a levy upon the mortgaged property in the rightful possession of the mortgagee, may

well be doubted. But, however this may be, the mortgaged property in this case was, in fact, seized upon the writs of attachment while in the rightful possession of the mortgagee, and sold to satisfy the judgments, so that the practical question is, what can the plaintiff recover? She is entitled to recover the value of her interest in the goods, and no more. *Parish* v. *Wheeler*, 22 N. Y. 494; *La Crosse & Minnesota Packet Co.* v. *Robertson*, 13 Minn. 291. She owned no interest in the note belonging to her husband's estate, and, therefore, so far as the mortgage given to secure it is concerned, it secured nothing belonging to her, and, for that reason, gave her no interest in the goods. Her interest in the goods is, therefore, limited to the amount of the $340 note.

The court below was, therefore, wrong in giving judgment for the full value of the goods, to wit, $463, this sum exceeding the amount of her note. The case is, accordingly, remanded to the district court, with directions to modify the judgment, so as to reduce the amount recovered to the amount of the note for $340.