Dowden v. Wilson.

Reversed and remanded.

---

## ZEPHEMIAH DOWDEN

### v.

## JESSE F. WILSON.

EVIDENCE.—As the worthlessness of the invention patented by appellee is attempted to be proved by the opinions of men who had never seen it tried and who did not attempt to show wherein the patent was defective, the court is of the opinion that even with all the rejected testimony considered, the defense was not made out, and therefore the decree of the court below is affirmed.

APPEAL from the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 7, 1883.

Mr. CALVIN H. FREW, for appellant; cited Richley v. Farrell, 69 Ill. 264; Fisher v. Greene, 95 Ill. 94; Ducommun v. Hysinger, 14 Ill. 249; Lindley v. Smith, 46 Ill. 523; Hart v. McCartney, 18 Ill. 131; Hindmarch on Patents, 64.

Novelty in an invention is essential to render a patent valid:

Brown v. Guild, 23 Wall. 181; Smith v. Nichols, 21 Wall. 117; R. T. Pencil Co. v. Howard, 20 Wall . 498; Sewall v. Jones, 1 Otto, 91; Cross v. Huntly, 13 Wend. 386; Burnham v. Brewster, 1 Verm. 90; Peck v. Farrington, 9 Wend. 44; Dickinson v. Hall, 14 Pick. 220; Fallas v. Griffith, Wright, 303.

A note given for a patent right that is not new or useful, is void: Kernodle v. Grant, 4 Black, 61; Darst v. Brockway, 11 Ohio, 471; Geiger v. Cook, 3 W. & S. 270; Mulliken v. Latchem, 7 Black, 138; Jolleffe v. Collins, 21 Mo. 343; Mc-Clure v. Jeffrey, 8 Ind. 82; Foss v. Richardson, 11 Mo. Law Rep. 670; Clough v. Patrick, 37 Vt. 421.

Messrs. TIPTON & GRAY, for appellee; that consent can not confer jurisdiction nor authorize a judge in vacation to exercise the power of a court, cited Bancroft v. Eastman, 2 Gilm. 264; Welch v. Byrns, 38 Ill. 210; Keith v. Kellogg, 97 Ill. 147; Blair v. Reading, 79 Ill. 600.

The motion for a rehearing must be made at the term when the decree is rendered: Delahey v. McConnell, 4 Scam. 156; Hughes v. Washington, 65 Ill. 245.

Appellant to rescind must put appellee *in statu quo:* Barge v. C. R. etc. R. R. Co. 32 Ia. 101; Parker v. Margnis, 64 Mo. 38; White v. Thayer, 121 Mass. 227; Barfield v. Price, 40 Cal. 535; Groves v. Sanders, 3 Otto, 55; Constan v. Chapman, 3 Moak, 178; Grimolley v. Wills, 12 Moak; Jennings v. Gage, 13 Ill. 610; Cooley v. Bingham, 1 Met. 550; Miner v. Bradley, 22 Pick. 457; Persley v. Balch, 23 Pick. 286; Norton v. Young, 3 Greenl. 30; Cushman v. Marshall, 21 Me. 122; Sumner v. Parker, 36 N. H. 449; Scott v. Billney, 40 Miss. 119; Underwood v. West, 42 Ill. 403; Larned v. Holmes 40 Miss. 30; Harding v. Hoodley, 11 Wheat. 103; Slaughter v. Green, 13 Wall. 379; Thomas v. Barton, 48 N. Y. 200; Flint v. Wood, 9 Hare, 622; Jennings v. Bronguton, 5 De G. M. and G. 139; Loyd v. Brewster, 4 Page, 537; Mintum v. Main, 3 Feld, 220.

As to the admission of depositions: Marier v. Saunders, 5 Gilm. 113; Kimball v. Merrill, 4 Greenl. 368; Elmer Cluff v. Carmichael, 3 Littell, 472; Shranders v. Harper, 1 Har. 444;

Duchardt v. The People ex rel.

Porter v. Wilson, 1 Harris 641; Slone v. Thomas, 2 Jones 209; Starkie on Ev. 245; Wharton on Ev. § 133.

PER CURIAM. We have passed over all questions of practice raised upon the record in this cause and have examined the case as if all the evidence excluded by the court had been considered. A former suit was brought by appellee against the same parties who were made defendants to this bill, and a decree was rendered for complainant, which was reversed in the Supreme Court. That case is reported in 71 Ill. 485. In that case the court say, "If the wagon brake was worthless, certainly defendants could have proven that it had been actually tried and would not work as claimed and represented." The additional proofs taken since then do not in our opinion do away with the objection then made that the worthlessness of the invention patented by Wilson, and for an interest in which patent the notes and mortgage were given, is attempted to be proved by the opinions of men who had never seen it tried and who did not attempt to show wherein the patent was defective. We are therefore of the opinion, that even with, the rejected testimony all considered, the defense was not made out, and for this reason the decree of the court below will be affirmed.