Hiram Henry Whittaker v. Charles Edward Goodwin.

[53 South. 413.]

1. **Replevin.** *Alternative judgment. Value of property. Mortgagee. Amount of debt. Proof.*

Where in replevin by a chattel mortgagee, or by a trustee in a deed of trust to secure a debt, the plaintiff is entitled to recover, it is error to render judgment against defendant and the sureties on his replevin bond for the amount of the mortgage debt and interest, without proof of the value of the property; proper procedure in such case requires proof of both the amount of the debt and of the value of the property, and, on a verdict for plaintiff so finding, judgment should be rendered against defendant and his sureties for delivery of the property on the payment of the smaller of the two amounts found, with costs.

2. **Same.** *Supreme court practice. Reversal for failure to prove value.*

The reversal of a judgment for plaintiff in replevin alone because the verdict of which it was predicated failed to find the value of the property sued for, does not entitle the defendant to a new trial, but awards a writ of inquiry to ascertain value.

3. **Continuance.** *Civil case. Absence of defendant. Custody.*

Where the defendant in a civil case was a prisoner on the county convict farm and was not brought to court under an order previously made directing the officer having him in custody to have him present, the cause should be postponed in order that defendant might be at the trial upon a showing by his attorney that he had a good defense and was a material witness in his own behalf.

4. **Stenographer's Report of Evidence.** *Filed out of time. Waiver. Supreme court practice.*

An objection that the stenographer's report of the testimony was authenticated and filed out of time, cannot be made for the first time on suggestion of error; it should be raised by motion to strike from the record before the case is submitted.

From the circuit court of Claiborne county.

Hon. John N. Bush, Judge.

Goodwin, appellee, was plaintiff in the court below; Whittaker, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Whittaker was indebted to Powell & Co., evidenced by a promissory note for $100 and secured by a deed of trust, with Goodwin as trustee, and conveying the two mules sued for in replevin by the trustee after default in the payment of the note. Defendant, Whittaker, upon seizure of the mules executed a replevin bond and the possession of the mules was restored to him. The suit was begun before a justice of the peace and was appealed to the circuit court.

On the first day of the term of the circuit court next following the appeal it was made known to the court by defendant's attorney that his client, Whittaker, was a prisoner on the county farm, and an order was made by the court requiring the officer having his custody to have him in court on a future day of the term and the trial of the case was set for that day. Upon call of the case for trial on that day the defendant was not present, whereupon defendant's attorney asked for the postponement of the trial and made the showing stated in the opinion of the court in response to the suggestion of error. The trial court declined to postpone the case and entered at once upon its trial in defendant's absence; defendant's attorney declining to participate therein. The plaintiff offered no evidence touching the value of the mules sued for and the trial resulted in the judgment stated in the opinion of the court.

*A. C. French,* for appellant.

There was no proof of the value of the mules in controversy, and, as this was a replevin suit, and the defendant had made bond for the property and was in possession of it, it was absolutely necessary that the plaintiff make proof of the value of the property, and until he did so, he was not entitled to the judgment awarded him.

It was the value of the mules that the jury should have been instructed to find, and not the amount of the note.   The sureties on the replevin bond did not guarantee the payment of the note, yet plaintiff's second instruction virtually informs the jury that such was the case. ' There being no evidence as to the value of the mules, the court erred in giving the instruction. *Cato v. Easterling,* 37 South. 562; *Williams v. Hackett;* 37 South. 563; *Whitfield v. Whitfield,* 40 Miss. 352; *Heard v. Hones,* 49 Miss. 236.

The appellant's rights were wholly ignored by the refusal of the trial court to postpone the hearing of his case until he could be present at the trial.

ANDERSON, J., delivered the opinion of the court.

The value of the mules in controversy was not proven, and the jury in their verdict fixed no value.   The court rendered judgment awarding the mules in controversy to appellee, and, on his failure to deliver them up, judgment for appellee against appellant and the sureties on his appeal bond for $100, with interest, cost, and ten per cent. attorney's fees.   It was necessary to prove the value, and that it be found by the jury in their verdict.

The judgment of the court is erroneous.   If the plaintiff recovers in replevin, and defendant has given bond, the judgment must be against the defendant and the sureties on his bond for the return of the property to plaintiff, if to be had, or pay the value thereof, or of plaintiff's interest therein, if a limited one, "as assessed by the verdict of the jury."   Code 1906, § 4233.   The court was without authority to render judgment for the amount of the debt due by appellant to Powell & Co., in the absence of proof and verdict of the jury fixing the value. Had there been such proof and verdict, the judgment should have been for the delivery of the property or its value, with costs, if less than the debt, and, if more, then for Powell & Co.'s

limited interest, their debt and costs.   The suit is not for the
debt primarily, but for the property with which to pay the debt.

*Reversed and remanded.*


*C. S. Thames* and *L. Brame,* for appellee, after the delivery
of the foregoing opinion, presented a suggestion of error, insist-
ing that the judgment of the court below should be affirmed, be-
cause:—

The stenographer's notes of the testimony were not filed until
May 11.   They were not approved by the judge until May 12,
1909. . This was about four months after the trial.

The statute provides that bills of exception must be filed dur-
ing the term or within sixty days.   Code 1906, § 796.

The record of this case does not show that the stenographer's
notes were ever presented or filed or approved or dealt with in
any way within ninety days, as required by the express provi-
sions of section 797 of the Code.   These provisions have been
held by this court to be mandatory, and hence the notes of the
testimony in this case cannot be considered, and we assume were
not considered by this court in deciding the case.

As stated in the authorities, the reason for requiring the
separate valuation of different articles in cases of this kind was
to authorize the defendant to surrender, if he shall see proper,
any one or more of the articles.   In this case as the bond given
by the defendant recited that it was for the pair of mules of
the value of fifty dollars each manifestly the defendant or his
sureties could have complied with the bond *pro tanto* by sur-
rendering either of the mules at fifty dollars.   Besides, if this
was a pair of mules each valued at fifty dollars, and the pair
being valued at $100, we submit that a valuation of $100 was
sufficient.

In *Drame v. Hilzheim,* 13 Smed. & M. 336, a barouche and
harness were regarded as part of a whole, and the court refused
to grant a new trial because one value was placed by the jury
upon both.

In *Henry v. Dillard,* 68 Miss. 536, a mare and colt were valued at seventy-five dollars and this was held sufficient.

As we understand, the reversal was based upon the sole ground that the value of the mules was not assessed separately. Do not overlook the statute, Code 1906, § 778. This statute was originally Hutchinson's Code, p. 849, and related alone to verdicts in detinue.

In *Drame v. Hilzheim,* 13 Smed. & M. 336, by analogy, this statute was applied to actions of replevin, and it was held that in such actions where there was a verdict for plaintiff but no assessment of separate articles, the judgment could be reversed only for the purpose of awarding a writ of inquiry to assess the separate values.

The same was held in *Rushing v. Rushing,* 52 Miss. 329, last paragraph of opinion. And also in *Spratley v. Kitchens,* 55 Miss. 578.

The above mentioned statute was article 184, p. 509, Code 1857, section 625, 1871, and section 1584, Code 1880. In this Code the word "detinue" was stricken out and the statute was made applicable to all cases. It was carried forward as section 720, Code 1892, and became section 778, Code 1906.

Under this statute and the decisions construing it, it seems to us obvious that there should not be a reversal, even if we are wrong in our other contentions. And at most, if there is a reversal, it should be only for the purpose of awarding a writ of inquiry to assess the separate values. There can, of course, be no reason for trying the entire case anew, for the only defect is in ascertaining the separate values.

ANDERSON, J., delivered the opinion of the court in response to the suggestion of error.

The reversal of this case on the ground set out in the opinion rendered would not result in a new trial. It would be remanded for the purpose alone of awarding a writ of inquiry to assess

the value of the property and the rendition of the proper judgment on the verdict of the jury in response to such writ. *Rushing v. Rushing,* 52 Miss. 329.; *Spratley v. Kitchens,* 55 Miss. 578. On the former consideration of the case this question was not presented. Appellee was not represented by counsel in this court; and, the mind of the court not having been directed to the point, it was assumed that a new trial would result, as usual, from the reversal.

There is another ground on which the judgment must be reversed, and a new trial awarded, which the court purposely refrained from noticing in the former opinion, because, in its nature, it was such an error as would not probably occur again in another trial. The reversal, however, in the present view of the court should have been placed on both grounds. The other one is this: At the time of the trial in the court below, appellant was serving a sentence for some crime, and in the custody of the convict contractor, fourteen miles or more from where the court was held. The trial was set for a day, and an order made by the court on the contractor to have appellant present in court on that day. At the time appointed, he was not present. His attorney applied for a continuance until next day, supporting it by his own affidavit, setting out the facts above, and, in addition, that he had communicated over the telephone with the contractor and appellant, and was informed that appellant was on his way to court, but had been overtaken by a heavy rain, and, having been sick a few days before, was afraid it would cause a return of illness, and for this reason he might not be able to reach the court, and that appellant's presence at the trial was indispensable to the defense of his case, that he had a good defense, was a necessary witness, and had in his possession papers and documents to establish his defense. The application was overruled, and the trial had in the absence of appellant. Our judgment is that this was error.

It is contended for the first time, in the suggestion of error, that the court stenographer's transcribed notes of the testimony were authenticated and filed out of time, and are therefore not a part of the record in this case, and not to be considered by this court. No motion is made now, nor has any been made heretofore, to strike the notes from the record. The court declines to consider the question now. It is too late. Appellee has waived whatever rights he may have had in that respect. The usual practice, of a motion to strike from the record before the case was submitted, should have been pursued.

*Suggestion of error overruled.*