**HOFFMAN v. WEBB et al.**

No. 15647—Opinion Filed Sept. 29, 1925.

(Syllabus.)

1. **Sales—Loss of Vendor's Lien by Delivery.**

The lien of the vendor of personal property, to secure the payment of purchase money, is lost by the voluntary and unconditional delivery of the property to the purchaser.

2. **Pleading—Petition—Conclusions of Law not Admitted Though Undenied by Answer.**

Where there is no averment of facts in the petition from which the conclusions of law are drawn, the same will have no force in a pleading and no issue is presented thereby, and although such conclusions are not controverted by the answer, they will not be taken as true.

3. **Appeal and Error—Waiver of Error Where not Briefed.**

An assignment of error which is not presented or argued in the brief of plaintiff in error will be considered as waived.

4. **Appeal and Error—Amendments not Regarded as Made if Changing Claim or Defense.**

Although the amendment of a pleading, to conform to the evidence adduced without objection, or by the adverse party, will ordinarily be regarded in this court as having been made, yet this rule does not apply where such amendment would change substantially the claim or defense previously relied on.

5. **Same—Judgment Outside Issues a Nullity.**

A judgment on issues not presented by the pleadings nor by amendments thereto which this court could consider as having been made, is a nullity and the rendition thereof constitutes reversible error.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by John W. Hoffman agianst Kate Webb and Pete Golden. From judgment in favor of the defendant Webb, the plaintiff appeals. Reversed and remanded.

R. A. Howard and Sigler & Jackson. for plaintiff in error.

Brown, Brown & Williams, for defendants in error.

MASON, J., The plaintiff in error was the plaintiff, and the defendants in error, Kate Webb and Pete Golden, were defendants in the lower court. and for convenience the parties will be referred to hereIn as they appeared in the lower court.

The plaintiff, John W. Hoffman, was the owner of the Ardmore Boiler & Machine Company, and was indebted in the sum of about $28,000 to various persons, including the defendant Kate Webb, to whom he owed $1,100. Thereafter on March 9, 1922, he sold said Boiler & Machine Company to the defendant Pete Golden, who agreed to pay all outstanding obligations and to deliver the canceled evidence of said indebtedness to the plaintiff. Under the terms of said contract, the note in favor of Mrs. Webb was to be returned to the plaintiff immediately. It was further agreed that "the claim held by C. A. Wilson as well as any others that may demand security shall be satisfactorily secured."

On May 5, 1922, the defendant Golden took up the note held by Mrs Webb, which he returned to the plaintiff, and in lieu thereof and for additional consideration executed a note for $1,270 to Mrs. Webb which was secured by a mortgage upon certain property owned by the Ardmore Boiler & Machine Company, which was a part of the property sold by Hoffman to Golden. The mortgage was executed jointly by Golden and one H. O. Van, who, it appears, was the agent of Golden and manager of the machine company.

Golden paid the plaintiff about $4,000 of said indebtedness, and, no doubt, being of the opinion that said concern was not going to succeed, he abandoned the same and went to the state of Kentucky. The plaintiff, Hoffman, then commenced this action for the purpose of recovering the balance of the purchase price from the defendant Golden, and to have the court declare and foreclose a vendor's lien on said property. He also alleged that the mortgage above referred to, held by the defendant Webb, was not executed and delivered in good faith and should be canceled.

The defendant Webb answered, alleging facts substantially the same as in the plaintiff's petition relative to the plaintiff's indebtedness to the defendant Webb, and relative to the sale of said company by the plaintiff to the defendant Golden, and the execution of the new note and mortgage by Golden and Van to the defendant Webb. She further alleged that the debt was valid and that the mortgage was a valid and subsisting lien. She then asked that the lien for $1,270, with interest and attorney's fees, be declared a valid and subsisting lien, and that she have said principal, interest and

attorney's fees as provided in said note, and that the court make such an order as necessary to preserve the right of said defendant. No relief was asked against her codefendant, Golden.

The defendant Golden failed to answer, and judgment by default was rendered against him, and in favor of the plaintiff for the full amount sued for, and all of the property of the Ardmore Boiler & Machine Company was ordered to be sold and the proceeds applied on the balance of said indebtedness to the plaintiff. The case at that time was continued as to the defendant Webb.

Said property was sold in compliance with the order of the court and the plaintiff, John W. Hoffman, was the purchaser.

Thereafter, on February 20, 1924, the case was tried between the plaintiff and the defendant Webb on the issue as to whether or not the mortgage held by said defendant was executed in good faith. The plaintiff offered in evidence the mortgage executed by Golden and Van to the defendant Webb, which was admitted. The contract between the plaintiff and the defendant Golden was also admitted in evidence. The plaintiff testified that about two weeks after he made the trade with Golden he received the note mentioned in the contract which was payable to Kate Webb. He also testified that the property described in the mortgage held by Kate Webb was the property of the Ardmore Boiler & Machine Company.

Some contention was made by the plaintiff that the name of Golden did not appear upon said mortgage at the time it was delivered to Mrs. Webb. The only witness introduced on this question was one M. S. Wolverton, who was a witness on the mortgage, and whose evidence appears to be very confusing and indefinite. The witness testified that he was acquainted with Mr. Van, who brought the mortgage to him to witness; that he was not acquainted with Golden, and did not think he was present at the time he witnessed the instrument. On cross-examination, however, he testified that several persons were present, and that Golden might have been present.

The trial court sustained the defendant's demurrer to the plaintiff's evidence. The defendant then offered to prove the value of the property covered by said mortgage, whereupon council for both parties agreed that it was worth $1,800.

The court thereupon rendered judgment against the plaintiff and in favor of the defendant Kate Webb, and decreed the mortgage held by said defendant to be a valid and subsisting mortgage and superior to any lien of the plaintiff, and that the defendant Webb was entitled to the possession of said property, and further decreed that in the event she could not be restored to possession thereof, she was entitled to judgment against Hoffman for the unlawful conversion of said property in the sum of $1,800.

The plaintiff's motion for a new trial was overruled, and he has duly perfected his appeal to this court

For reversal plaintiff in error contends that inasmuch as the petition of plaintiff contained an allegation that the plaintiff had a vendor's lien upon the property in controversy, and inasmuch as the answer of the defendant Webb contained no general or special denial of this allegation, the defendant in error thereby in effect confessed that the plaintiff had a vendor's lien on said property.

Counsel for plaintiff seem to be of the opinion that the statutes provide for a vendor's lien by reason of the fact that personal property is sold on credit, regardless of whether or not the vendor retains possession. The vendor's lien on real property is not dependent upon possession (section 7427, C. O. S. 1921), but in order to retain the lien on personal property the vendor must remain in possession thereof.

Section 7430, C. O. S. 1921, provides as follows:

"One who sells personal property has a special lien thereon, dependent on possession for its price, if it is in his possession when the price becomes payable; and may enforce his lien in like manner as if the property was pledged to him for the price.".

Counsel have not called our attention to any statutory provision which gives the vendor of personal property a lien after he parts with possession thereof.

We do not find that this court has heretofore had this question under consideration, but the section of the statutes above quoted comes to us from Dakota (Mansur-Tebbetts Imp. Co. v. Willett, 10 Okla. 387), and the Supreme Court of that state, in considering this question in the case of Gray v. Arnot, 31 N. D. 461, 154 N. W. 268, held as follows:

"A vendor in North Dakota has, after a delivery to the vendee, no lien upon the goods sold for the purchase price, except by virtue of the levy of an attachment under the provisions of section 6938, Rev. Codes, 1905, being section 7537, Compiled Laws of 1913."

The Supreme Court of California in the case of Eads v. Kessler, 53 Pac. 656, held that a similar section of the statute of that state was merely confirmative of the common-law rule, and that in order to enforce the lien it was necessary for the seller to retain possession.

The Supreme Court of the United States in the case of Gregory v. Morris, 96 U. S. 619, 24 L. Ed. 740, announced the rule as follows:

"The lien at common law, of the vendor of presonal property, to secure the payment of purchase money, is lost by the voluntary and unconditional delivery of the property to the purchaser."

The allegation that the plaintiff had a vendor's lien was no more than a legal conclusion, and there was no averment of fact from which such conclusion could be drawn.

In the case of International Harvester Company v. Cameron, 25 Okla. 256, 105 Pac. 189, this court announces the following rule:

"Where there is no averment of facts in the petition from which the conclusions of law are drawn, the same will have no force in a pleading; no issue being presented by such averment and no proof being admissible thereunder."

In addition to this, the plaintiff's petition contained an allegation that the defendant "Golden entered into possession of the property and has since retained possession of all of it." This was sufficient to negative the legal conclusion pleaded that he held a vendor's lien on said property.

The next error assigned is that the trial court erred in sustaining the demurrer of the defendant to the plaintiff's evidence. This question is not presented and no argument in support thereof is made in the brief of plaintiff in error, and under the rules of this court it will therefore be considered as waived. We might state, however, that we have examined all the plaintiff's evidence, and we fail to find anything which would even tend to support a finding that the mortgage in controversy was not executed in good faith. We must say, therefore, that the trial court properly sustained the defendant's demurrer to the plaintiff's evidence.

It is next urged by the plaintiff in error that the pleadings on behalf of the defendant did not authorize or justify the judgment rendered. This complaint is directed at that portion of the judgment of the trial court in favor of the defendant for possession of the property described in her mort-gage, and for an alternative judgment in favor of the defendant and against the plaintiff in the sum of $1,800 for the wrongful and unlawful conversion thereof in the event the defendant could not be restored to the possession thereof. The petition of the plaintiff contained an allegation that the mortgage held by the defendant Webb was not a valid and subsisting mortgage for the reason that it was not executed and delivered in good faith. The only pleading filed by the defendant was an answer which contained allegations substantially the same as the plaintiff's petition relative to her holding said note secured by the mortgage executed by Golden and Van and a prayer for relief as above set forth. There was no allegation which would support the judgment complained of.

The defendant in error virtually admits the insufficiency of said pleading, but contends that this court should consider it as having been amended to conform to the evidence. In support of this contention counsel cite Elwood O. & G. Company v McCoy, 72 Okla. 97, 179 Pac. 2, and several other cases wherein the following rule is announced:

"The amendment of a plea, which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced without objections, or by the adverse party, will be regarded in this court as having been made."

In the body of the opinion, however, it is stated that the amendment did not change the nature of plaintiff's action nor demand relief different from that originally prayed.

Should the amendment of the pleading have been allowed in the trial court if leave to make it had been asked? If so, we would be justified in considering said amendment as having been made.

Section 318, C. O. S. 1921, provides that the court may, before or after judgment and in furtherance of justice, amend any pleading by correcting a mistake or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense. This, however, does not permit a litigant to allege one cause of action and prove an entirely different cause, wholly foreign to the one alleged.

The record in the instant case discloses that no evidence was introduced by the defendant; however, it is contended that the evidence of the plaintiff is sufficient to warrant this court in considering such pleading

as amended so as to support said judgment. This contention is based upon the fact that the plaintiff introduced the defendant's mortgage in evidence as well as the court records, showing that plaintiff had purchased said property at the sheriff's sale and the agreement of the parties that the same was worth $1,800. The record, however, discloses that the mortgage was introduced in evidence by the plaintiff for the sole purpose of having it canceled.

Although trial courts are vested with considerable discretion, and this court is very liberal in the matter of allowing amendments to pleadings, yet we cannot agree with the contention of counsel for the defendant in error that the amendment asked for is such as was contemplated by the statutes. In our opinion, it would not only change substantially the claim or defense of the defendant, but new issues would be created which were not presented in the trial court. Such an amendment would not be in furtherance of justice, but, on the contrary, would prevent the plaintiff from making any defense to the charge of the defendant that he had unlawfully converted said property.

When the trial court sustained the defendant's demurrer to the plaintiff's evidence, the plaintiff's case, in our opinion, should have been dismissed as to the defendant Webb, but in any event the trial court should not have gone further than to hold the mortgage of said defendant to be a valid and subsisting lien. The defendant then could have proceeded in the proper manner to secure possession of said property and foreclose her mortgage thereon. The remainder of the judgment rendered by the trial court was not justified.

The judgment of the trial court must be reversed, and the cause remanded to the district court of Carter county for further proceedings not inconsistent with the views herein expressed, and without prejudice to the defendant's right, if any exists, to proceed in a proper action.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 Cyc. p. 491. (2) 31 Cyc. pp. 51, 209. (3) 3 C. J. p. 1410, § 1587; 4 C. J. p. 1068, § 3057. (4) 4 C. J. p. 750, § 2683. (5) 4 C. J. p. 1165, § 3183; 33 C. J. p. 1152, §93.