## TODD v. WEBB.

No. 18725.   Opinion Filed Nov. 27, 1928.

R. A. Howard and Sigler & Jackson, for plaintiff in error.

Brown & Williams, for defendant in error.

TEEHEE, C. In this cause the parties will be referred to in their relative trial positions, where they are not otherwise designated.

The plaintiff, Kate Webb, on November 28, 1925, sued the defendant, W. P. Todd, whose trade name was Todd Machine Company, for the possession of certain personal property in which she alleged a special ownership, or for a money judgment in the value of a certain chose in action on which the suit was predicated. The cause arose by virtue of an appellate judgment in her favor in Hoffman v. Webb, 113 Okla. 150, 240 Pac. 104. For purpose of clarity in the cause in hand, chronological recitation of the facts in that case is necessary. There John W. Hoffman, as vendor, on July 6, 1922, brought suit in foreclosure of a vendor's lien on certain personal property owned by Pete Golden, vendee, to satisfy the unpaid purchase price therefor. In the case, Kate Webb, plaintiff here, was, with the vendee, joined as a party defendant for that she was the holder of a promissory note for $1,270 by the vendee, secured by a chattel mortgage on certain items of the property against which the vendor's lien was sought to be asserted, and that the mortgage was not made in good faith, by reason whereof the vendor prayed cancellation of the mortgage. Upon the filing of that suit a receiver was appointed who took charge of the property. The mortgagee, on August 7, 1922, by appropriate pleadings in her answer, asserted the validity of her mortgage, and prayed the establishment of her rights in the property thereby covered. On October 5, 1922, the vendee suffered a default judgment in the amount of $24,000, the unpaid purchase price of the property, in which judgment the court ordered a sale of the property by the sheriff in satisfaction thereof, and continued the cause as to the mortgagee. In due course, on October 23, 1922, pursuant to the order of sale, the property was sold to the vendor, the plaintiff in that case, which sale was by the court, on November 24, 1922, confirmed.

On February 20, 1924, judgment for the mortgagee was rendered to the effect that her mortgage was superior to the vendor's lien, and, further, that she was entitled to possession of the property, or failing in this, to a money judgment in the amount of $1,800 against the vendor. On appeal by the vendor, the judgment was modified, in that the validity of the mortgage as a subsisting lien on the property covered thereby was sustained, and it otherwise ordered the cause remanded for entry of such modi-fied judgment and dismissal of the cause as to the mortgagee, and for such further proceedings not inconsistent with that opinion, and without prejudice to the mortgagee's right to proceed in a proper action for the establishment of such rights as she may have in the property covered by the mortgage. The mandate in that cause was filed and spread of record in the trial court on October 19, 1925, and on November 24, 1925, the modified judgment was entered.

Plaintiff in the cause in hand by her petition pleaded the mortgage involved in Hoffman v. Webb, and the appellate judgment therein, and alleged actual notice thereof by the defendant, and that due and legal demand for the delivery of possession of the property involved in the mortgage was made upon defendant, which was by him refused.

Upon unsuccessful demurrer to the petition, defendant by answer denied the allegations thereof, and by further answer in appropriate form: First, pleaded the proceedings and sale of the property had in Hoffman v. Webb, substantially as above narrated as in bar of plaintiff's claim; second, that he was an innocent purchaser of the property for value; and third, that his having been in the possession of the property as vendee of the purchaser at the sheriff's sale for more than two years prior to the filing of the suit, plaintiff's claim was barred by the statute of limitations.

The trial of the cause proceeded before a jury. Upon conclusion of the evidence, by agreement of the parties, the jury were discharged from further consideration of the case, whereupon defendant moved for judgment on the grounds that the evidence clearly showed plaintiff to be not entitled to relief, and that her claim was barred by the statute of limitations. The motion was overruled, and the court found the issues for plaintiff, and thereon rendered judgment in the alternative for the possession of the property, or if the same could not be returned, for a money judgment in the amount of plaintiff's note and accrued interest thereon, and an attorney's fee.

The first ground of complaint against the judgment by defendant in proper sequence of our consideration is that the plaintiff's petition did not state a cause of action. The record shows that this point was not preserved by exception to the overruling of the defendant's demurrer. It is well settled that where a party fails to except to the overruling of his demurrer to the pleading of the adverse party, such failure renders the ruling

of the trial court unavailable for review on appeal. McKee v. Dickerson, 122 Okla. 240, 254 Pac. 57. For that reason this contention does not require our further consideration.

Defendant next contends that plaintiff's action was barred by the statute of limitations for that he was in possession of the property involved in plaintiff's mortgage as vendee of the purchaser at the sheriff's sale for more than two years prior to the filing of this suit. The facts established that the defendant purchased and entered into possession of the property in December, 1922, a little more than 30 days after the sheriff's sale, and that plaintiff's suit was filed on November 28, 1925, approximately three years thereafter. Defendant's contention hereunder is that he is protected in his purchase of the property under section 185, C. O. S. 1921, which provides that an action for the specific recovery of personal property must be brought within two years from the accrual of the cause. The point made is that the accrual of plaintiff's cause was at the time he, defendant, purchased and took possession of the property. The point is grounded on the theory that defendant was an innocent purchaser, and as such he was protected by the judgment of the court under which the sale to his vendor was made, and from which no appeal had been taken, and that as plaintiff was a party to the case in which the decree of sale was rendered, the judgment had the force of res judicata and operated as a bar to plaintiff's claim. Defendant supports his argument with certain authorities, as well as the statute cited, which lay down the postulates of law contended for. With them we agree, but the difficulty arises upon their application to the case in hand under the record as we find it.

The decree of sale, which is the measure of the rights of the parties to the cause, expressly continued the controversy as between defendant's vendor and the plaintiff. The controversy involved a part of the property sold under the decree. As between defendant's vendor and the defendant vendee in that case, the decree determined their rights in the property, and thereby concluded them. It did not purport to determine in any wise plaintiff's claims under her mortgage, for which reason, though she was a co-defendant in the case, it cannot be said that she was a party to the judgment. Continuance of the controversy between defendant's vendor and plaintiff was tantamount to the exception of plaintiff's claims from the operation of the decree. The judicial sale thereunder, therefore, passed the title to the property free from the claims of the parties whose rights were thereby determined, and was without prejudice to the claims of plaintiff in such part of the property as was covered by her mortgage. Scott v. Farmers & Merchants National Bank, 97 Tex. Civ. App. 31, 75 S. W. 7, 104 Am. St. Rep. 835. In these circumstances, it would not be contended that defendant's vendor was an innocent purchaser, for by his being a party to the branch of the case out of which the cause in hand arose, he was charged with notice of the fact that plaintiff's claims were unaffected by the decree of sale. The fact that defendant was the vendee of the execution purchaser at the judicial sale does not alter the situation, for as the decree was notice to his vendor, it was in like manner notice to him. A buyer of personal property from the execution purchaser at a judicial sale acquires just such title in the property as was vested in the purchaser under the terms of the decree of sale whereof the buyer is charged with notice. Arnold v. Joines. 50 Okla. 4, 150 Pac. 130; Reuck v. Green, 103 Okla. 288, 229 Pac. 1070; Lewis v. Phillips, 17 Id. 108, 79 Am. Dec. 457; Caldwell v. Walters, 18 Pa. St. 79, 55 Am. Dec. 592. Defendant, therefore, stands in no better position before the law in respect to the title to the property affected by plaintiff's mortgage than if he himself had been the purchaser at the judicial sale and had retained the property.

The controversy between defendant's vendor and plaintiff having been thus continued by the decree of sale, it was not considered until February 20, 1924, with judgment as already noted, which did not become final until entry of the modified judgment in the trial court on November 24, 1925, pursuant to the mandate in Hoffman v. Webb, supra. Thereunder plaintiff's mortgage lien, as already noted. was established without prejudice to her right of prosecution of such claims as she may have in the property by virtue thereof. The appellate judgment is the law of the case upon the question of accrual of plaintiff's cause of action, and suit having been brought within two years after entry of judgment in the trial court in conformity with the appellate judgment, it was not barred by section 185, C. O. S. 1921, as by defendant contended.

Defendant finally contends that there was no competent evidence to sustain the judgment complained of. Thereunder it is urged that it was necessary to the establishment of plaintiff's claims to introduce in evidence

both the note and the mortgage. Upon offer of the note and mortgage in evidence by plaintiff, defendant interposed objections which were by the court overruled and exceptions allowed. Defendant predicates his objections on the ground that as the note was of more than eight months' duration, and it appearing on its face that the tax provided for by section 9608, C. O. S. 1921, was unpaid, the note, under section 9613, Id., was not admissible, and this being true of the note, the mortgage being an incident of the main obligation, it was likewise inadmissible. Plaintiff concedes this contention as to the note, but takes the position that the mortgage was competent and of itself sufficient to sustain her claims. In that connection plaintiff relies on authorities which lay down the rule that in a possessory action, as in conversion of personal property, the mortgage is of itself sufficient to establish plaintiff's right to the property without the production of the note for which the mortgage was given as security, citing Jones on Mortgages (4th Ed.) p. 508, sec. 445; Hill v. Merriman, 72 Wis. 483, 40 N. W. 399; Cathey v. Bowen, 70 Ark. 348, 68 S. W. 31.

Decision of neither point to the extent of the premises urged by the parties is not required, as this phase of the controversy may properly be determined under a rule of law which we regard as controlling. Plaintiff by her petition properly fixed the quality of her interest in the property involved as that of a special interest by virtue of a chattel mortgage which this court, in Hoffman v. Webb, supra, had adjudged to be a subsisting lien. It is a well-settled rule of law, that, in an action of replevin by a chattel mortgagee, the measure of recovery is a judgment of possession of the chattels for the purpose of extinguishment of the mortgage lien; and if the chattels cannot be possessed, as where they have been converted, then a judgment of damages in the amount of the debt secured by the mortgage, where the value of the chattels is equal or exceeds the indebtedness, and if the value be less, then for the value of the property. Emerson-Brantingham Implement Co. v. Ritter, 69 Okla. 95, 170 Pac. 482; Whittaker v. Goodwin, 97 Miss. 663, 53 So. 413; Slifer v. State ex rel. Syfers, 114 Ind. 291, 14 N. E. 595; Illinois Trust & Savings Bank v. Alexander-Stewart Lumber Co., 119 Wis. 54, 94 N. W. 777; Becker v. Dunham, 27 Minn. 32, 6 N. W. 406; Wells on Replevin (2nd Ed.) 465, sec. 586. The judgment in the case at bar was in the alternative, and provided,

after adjudging delivery of possession of the property, as follows:

"And in the event a return thereof cannot be had, that she have and recover of and from the defendant, W. P. Todd, the value of said property which is fixed at $2,000, said recovery, however, not to be in excess of the sum of $1,761.06, with interest thereon from this date at the rate of 10 per cent. per annum, and an attorney's fees of $127, being the amount of plaintiff's note and interest and the attorney's fees thereon, for all of which let execution issue."

This was substantially in conformity with the rule, as it was established by the proof that the property had been disposed of by the defendant, and that the value thereof was more than the indebtedness.

The proper procedure in the trial of such case is to introduce proof of the indebtedness, the right of possession of the property involved, and the value thereof. Whittaker v. Goodwin, supra. The indebtedness in this case was evidenced by a promissory note, and upon the face of the mortgage itself showed to be long past due at the time of suit, and was in possession of plaintiff. Her right of recovery on the grounds set forth in her petition was denied under oath by defendant. Plaintiff's action being one in replevin as in conversion based on a chattel mortgage given in security of a promissory note shown to be past due at the time of suit, with her grounds of recovery being denied by defendant, establishment of her right of recovery in the circumstances of the case required the production of the note in evidence, it appearing that the same was in her possession. Hendrie v. Canadian Bank of Commerce, 49 Mich. 401, 13 N. W. 792; Reynolds v. Morten, 22 Wyo. 174, 136 Pac. 795; Armstrong & Co. v. Painter, 75 W. Va. 393, 83 S. E. 1027; Flynn v. Hathaway, 65 Ill. 462. Under an elementary rule, secondary evidence of such note was inadmissible, no legal reason of non-production having been first shown. Dowden v. Wilson, 71 Ill. 485, 3 Jones on Mortgages (7th Ed.) 34, sec. 1469a. The note being of more than eight months' duration, and showing on its face nonpayment of the tax levied against it by section 9608, C. O. S. 1921, the same, by force of section 9613, Id., was inadmissible, and though in the record it has no value as evidence. Cockrell v. Martin, 124 Okla. 284, 255 Pac. 1101. The judgment being founded thereon was therefore erroneous.

Accordingly, the judgment of the district

court is reversed, and the cause remanded, with directions to award defendant a new trial, and such further proceedings not inconsistent with this opinion.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.