## J. W. SPRATLEY ET AL. v. B. F. KITCHENS.

1. AMENDMENTS. *Writs. Section 712 of the code of 1871.*

Any writ issued without a seal upon it is amendable, under section 712 of the Code of 1871, which provides that "if any matter required to be inserted in, or indorsed upon, any process shall be omitted, such process shall not on that account be held void, but may be set aside as irregular, or amended on such terms as the court may think proper; and such amendment may be made upon any application to set aside or quash the writ."

2. SAME. *Motion to quash a writ. Cures defects.*

A motion to quash a writ, for any defect which is amendable, dispenses with the necessity to amend, for the reason that the writ has served its purpose in bringing the parties before the court.

3. CONSOLIDATION OF ACTIONS. *Practice. In replevin.*

It is error for a court to consolidate two actions of replevin where, although the parties are the same, the things in controversy are different, and the sureties on the two forthcoming bonds are different.

4. REPLEVIN. *Verdict. Separate value of the things.*

In an action of replevin for the recovery of cattle, where a verdict is returned for the plaintiff which fails to find the separate values of the several cattle, the judgment will be reversed for a writ of inquiry to ascertain the values of the cattle separately, but the verdict will not be disturbed in other respects.

ERROR to the Circuit Court of Warren County.

Hon. GEORGE F. BROWN, Judge.

The defendant in error sued out before a justice of the peace two writs of replevin, for different cattle, described in the writ. In one case judgment was rendered for Kitchens, the plaintiff below; in the other the judgment was for Spratley, the defendant below. Both parties appealed to the Circuit Court, and in that court the actions were consolidated, and a single judgment was rendered against the defendant and the sureties on his two bonds. The other facts appear in the opinion of the court.

*T. C. Catchings*, for the plaintiffs in error.

1. The court erred in overruling the motion to quash the writs of replevin. They were not under seal, and, therefore, should have been quashed. Section 1310 of the Code of 1871 provides that "all civil process issued by a justice of the

peace shall be under his hand and seal." In *Garland* v. *Britton*, 12 Ill. 232, it was held that the statute of that state requiring process to be under seal was imperative, and that a writ not sealed was " without vitality, and the service of the same was without effect." In *Harnum* v. *Thompson*, 1 Scam. 238, the same doctrine was announced. See, also, *Williams* v. *Vanmetre*, 19 Ill.; *Boal* v. *King*, 6 Ohio, 2; *Foss* v. *Isett*, 4 Greene (Iowa), 76; *Riggs* v. *Bagley*, 2 Greene (Iowa). In Texas the statute requires all process to be issued under seal. And it was held, in *Frosch* v. *Schlumpt*, 2 Texas, 422, that a writ not under seal is void, and exacts no obedience; and that if a party appears and takes exceptions to the writ, it will be quashed; or, if he does not appear, and judgment goes by default against him, he may assign it as error and obtain a reversal in the Supreme Court.

2. The court erred in allowing the plaintiff to consolidate his two suits. A consolidation can be made only where a single verdict and a single judgment can be entered, disposing of both cases. The surety on the defendant's forthcoming bond in one suit was not responsible for the cattle seized in the other suit. But, by the consolidation of the two suits, judgment was rendered against both sureties for the value of the cattle and costs of suit in both cases. The sureties are thus placed under a liability not assumed by them in their respective bonds.

3. The verdict and judgment are erroneous because the verdict did not assess the separate value of each one of the cattle sued for, but simply found their aggregate value. *Drane* v. *Hilzheim*, 13 Smed. & M. 336.

*T. E. Crutcher*, for the defendant in error.

1. The motion to quash the writs of replevin was properly overruled. " A motion to quash a writ for any defect which is amendable on motion is such an appearance as will dispense with the necessity to amend." *McClanahan* v. *Brack*, 46 Miss. 246; *Harrison* v. *Agricultural Bank*, 2 Smed. & M.

307. If the writs were not sealed, they were amendable, and, therefore, the motion to quash would dispense with the necessity to so amend. Code 1871, sec. 712. But if the defect were not amendable, the defendant could take advantage of it only by plea in abatement. *Pharris* v. *Connor*, 3 Smed. & M. 87.

2. The two causes were consolidated by the Circuit Court, and not by the plaintiff. It does not appear that it was done on his motion. The right to consolidate causes is one of the common-law rights of courts of common pleas. Tidd's Pr., 4th Am. ed., 614, 615; *Ammons* v. *Whitehead*, 2 Geo. 99. The only ground of complaint that the plaintiffs in error can have to the consolidation of the suits is that the sureties on the forthcoming bonds were not the same. It is clear that the sureties might have objected to the consolidation so far as they were concerned, but certainly it was no error as to the principal. The sureties did not object or except to the order of the court consolidating the two cases. The only exception taken was by Spratley, the principal in the bonds and the plaintiff in the suits.

CHALMERS, J., delivered the opinion of the court.

One of the replevin writs issued by the justice of the peace had no seal or scroll upon it. Section 1310 of the Code of 1871 provides that " all civil process issued by a justice of the peace shall be under his hand and seal." Motion was made in the Circuit Court to quash the writ because of the absence of a seal. The motion was properly denied. Section 712 of the Code provides that " if any matter required to be inserted in, or indorsed upon, any process shall be omitted, such process shall not on that account be held void, but may be set aside as irregular, or amended on such terms as the court may think proper ; and such amendment may be made upon any application to set aside or quash the writ." This provision clearly makes the defect of want of a seal amendable on motion to

quash ; and it has been several times decided by this court that a motion to quash a writ for a defect which is amendable dispenses with the necessity to amend, upon the ground that the writ having served its purpose by bringing the parties or property before the court, and the defect being one which the statute regards as merely clerical, and therefore makes amendable, the process shall not be held void, even though the amendment does not take place. *McClanahan* v. *Brack*, 46 Miss. 246 ; *Dandridge* v. *Stevens*, 12 Smed. & M. 724 ; *Harrison* v. *Agricultural Bank*, 2 Smed. & M. 307.

There were two suits pending between the parties, both actions of replevin for the recovery of cattle. The plaintiff and defendant were the same in each suit, but the cattle in controversy were different, and a separate forthcoming bond, with different sureties, had been executed by the defendant in each case. Upon the trial the two cases were, by order of the Circuit Court, consolidated and tried together, and one verdict and judgment rendered. This was erroneous and fatal, because of the different sureties on the bonds. The effect of the judgment rendered was to make each surety on each bond liable for all the cattle in controversy in both suits, though by the terms of the obligation which he had signed he had bound himself only for the forthcoming of those seized in the particular suit in which he had become surety. Suits can be consolidated at law only where all the parties are the same on both sides, and a single judgment can settle the rights of all. The sureties on a replevin bond are, by operation of law, parties to the litigation from the date of its execution, and receive judgment *eo instanti* with their principals. The sureties on the bonds in the two cases in this instance not being the same, the parties were not the same, and the consolidation was improper.

The jury failed to find the separate value of the different cattle. This was erroneous, but if it was the only error, would only necessitate the reversal of the judgment, and the remanding of the case for the ascertainment of the value of the cattle

separately, by writ of inquiry, leaving the verdict undisturbed in other respects.

On account of the error in the consolidation of the suits the judgment is reversed, cause remanded, and new trial awarded, to be conducted separately in each case.