## WATKINS *v.* JACKSON & E. R. Co. *et al.**

(Division A.   March 12, 1928.)

[115 So. 897.   No. 26909.]·

1. COMMERCE.   *Where railroad bridge worker was engaged in interstate commerce at time of injury, Federal Employers' Liability Act applied* (45 *U. S. C. A., sections* 51-59).

   Where defendant railroad company was engaged in interstate commerce and member of bridge gang was likewise engaged at time of his injury, Federal Employers' Liability Act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), applied, under which employer could claim defense of assumption of risk.

2. TRIAL.   *Court could in its discretion reopen case for further testimony after plaintiff rested case and before passing on motion for peremptory instruction.*

   In employee's action against railroad for injuries, it was within discretion of court to permit reopening of case for introduction

of further testimony to suspend application of doctrine of assumption of risk, under Federal Employers' Liability Act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), after plaintiff had rested his case, but before court had passed on motion for peremptory instruction in defendant's favor.

3. APPEAL AND ERROR. *Where objectionable testimony would have been admissible by amending pleadings, defendant could not sustain erroneous judgment in its favor on ground judgment would have been correct if court had not erroneously admitted testimony.*

Defendant, in whose favor an erroneous judgment was rendered, could not sustain it on ground that judgment would have been correct if court had not erroneously admitted testimony, when, if testimony had been excluded, plaintiff would have had right to render such testimony admissible by amending pleadings.

4. MASTER AND SERVANT. *Whether railroad bridge worker assumed risk of injury from defective push car held for jury (Federal Employers' Liability Act [45 U. S. C. A., sections 51-59]).*

In action by railroad employee for injuries alleged to have been sustained while employed as member of bridge gang, whether plaintiff assumed risk of injury from defective motor car and push car used by bridge crew, under Federal Employers' Liability Act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), where foreman promised to have defects remedied, *held* for jury.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 696, n. 7; Commerce, 12CJ, p. 44, n. 10, 11; Master and Servant, 39CJ, p. 1183, n. 86; Trial, 38Cyc, p. 1363, n. 86; As to defense of assumption of risk under Federal Employers' Liability Act, see annotation in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69; 12 A. L. R. 701; 36 A. L. R. 918; 18 R. C. L. 830; 3 R. C. L. Supp. 856; 4 R. C. L. Supp. 1212; 5 R. C. L. Supp. 1004; 6 R. C. L. Supp. 1089.

APPEAL from circuit court of Scott county.

HON. JNO. F. ALLEN, Judge.

Action by J. W. Watkins against the Jackson & Eastern Railroad Company and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*James W. Cassedy, Jr., Percy M. Lee* and *J. W. Cassedy,* for appellant.

Appellant contends that the court erred in sustaining the motion of the appellees to exclude the evidence and to direct the verdict. He also contends that the court erred in overruling his motion for a new trial.

The appellees through their foreman owed a duty to the appellant to operate the car at a rate of speed which would not subject the employees to any danger, and where the operation of the motor car and push car at an ordinary or average rate of speed on a properly laid track and with a safe and not defective motor car and push car, according to the facts as shown by the evidence in this case, the appellant had a right to assume that the foreman would operate the cars at a much slower rate of speed when the place where the track was defective was reached. We submit that the appellant did not assume the risk when the motor car was operated at the average rate of speed, while it was defective and over a part of the track which was also defective, where he had no control over the speed of the car, and, although these facts were known to both the appellees, through their foreman and the appellant. *Lawhorn* v. *Millen & S. R. Co.*, 97 Ga. 742, 25 S. E. 492, in which the court held that although a brakeman may know that a track is defective and assume the risk thereof, he does not thereby assume the increased risk created by the running of his train at a dangerous rate of speed over such defective track. Also *Beck* v. *Texas Co.*, 148 S. W. 295, 105 Texas 303; *Houston E. & W. T. R. Co.* v. *DeWalt*, 97 Am. St. Rep. 877. One may know of the facts and not know the danger arising therefrom and still recover. *Pool* v. *Chicago, M. & St. Paul R. Co.*, 53 Wis. 657, 11 N. W. 15, *Id.*, 56 Wis. 227, 14 N. W. 46.

From our own state the following is set forth in *Graves* v. *G. & S. I. R. R. Co.*, 110 So. 234: "We do not think the appellee was entitled to a peremptory instruction at the conclusion of all the evidence. An employee assumes all the ordinary and usual risks and dangers incident to

the employment in which he engages which are not attributable to the negligence of the employer, but we think it was for the jury to determine whether the appellee was, under all the circumstances testified to, guilty of negligence.''

Appellant next contends that he did not assume the risk for the reason that the defective cars and defective track were complained of by the appellant to the foreman and that the foreman promised the appellant that these defects would be repaired, and, because of these promises, the appellant was induced to continue his work.

In 18 R. C. L. 180, the rule is laid down as follows: ''It is a well-settled, general rule that the fault of 'assumption of risk' implied from a servant's knowledge that a tool, instrument, appliance, piece of machinery, or place of work is defective or dangerous is suspended by the necessary promise to repair, made in response to the servant's complaint, so that if the servant is induced by such promise to continue at work he may recover for an injury which he sustains by reason of such defect within a reasonable time after the making of the promise.''

Appellant particularly directs this court's attention to *Illinois Steel Co.* v. *Mann,* 40 L. R. A. 782, and the note thereunder. *Williams* v. *Kimberly & Clark Co.,* 10 L. R. A. (N. S.) 1043; *Delamore* v. *K. C. Hardwood Flooring Co.,* 47 L. R. A. (N. S.) 1220.

*Flowers, Brown & Hester,* for appellees.

The Federal Employers' Liability Act applies in this case and with it the common-law defense of assumption of risk, *S. A. L. R. R. Co.* v. *Horton,* 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1 Ann. Cas. 1915B 475; *G. & S. I. R. R. Co.* v. *Hales,* 140 Miss. 829, 105 So. 548; *G. M. & N. R. R. Co.* v. *Brown,* 143 Miss. 890, 108 So. 503.

At common law the rule is well-settled that a servant assumes the extraordinary risks incident to his employment, or risks caused by the master's negligence which are obvious or fully known and appreciated by him. *Boldt* v. *Penn. R. R. Co.*, 62 L. Ed. 385, 245 U. S. 441. This doctrine was clearly recognized in *Gilla Valley R. R. Co.* v. *Hall*, 232 U. S. 94, 58 L. Ed. 521, 34 Sup. Ct. Rep. 229; *Jacobs* v. *So. Ry. Co.*, 241 U. S. 229, 60 L. Ed. 970, 36 Sup. Ct. Rep. 588; *C. & O. R. R. Co.* v. *De Atley*, 241 U. S. 310, 60 L. Ed. 1016; *G. & S. I. R. R. Co.* v. *Hales*, 104 Miss. 829, 105 So. 458; and *G. M. & C. R. Co.* v. *Brown*, 143 Miss. 891, 108 So. 503 and other cases too numerous to mention.

Counsel contends that: "One may know of the facts and not know the danger arising therefrom." Judge WHITFIELD's language in *Truly* v. *Lumber Co.*, 83 Miss. 430, answers this proposition. Appellant knew—because he observed the facts stated—that the risk to be encountered was that of having the car run off the track. Within the rules of law, well settled and long established, he assumed the risk incident to riding on this car in the condition complained of and he cannot hold the company liable for his own neglect of his safety.

The promise to repair was nothing more than an afterthought injected into the case in a desperate effort to save it after argument had been made on the motion to exclude. There is no mention in the declaration of any complaint being made by the plaintiff to the foreman or anyone else about the condition of the car. No mention of any promise to repair is charged. There is not the slightest hint in the direct or cross-examination of the plaintiff or any of his witnesses of any such, until after the argument on the motion to exclude. We submit that such testimony was not only out of harmony with the real facts in the case but was incompetent under the pleadings. But aside from this, he in fact admitted that he knew the repairs had not been made and knew that

the wheels were wabbling on the day of the accident just as they had been two or three days before that.

*Additional brief* for appellant.

This additional brief is filed at the request of the court upon the following three questions:

1.   The defendant having pleaded the affirmative defense of assumption of risk, was it necessary for the plaintiff to reply in avoidance of this plea, his reliance upon a promise of the master to remedy the defective appliance and conditions, after complaint made by the plaintiff, in order to render admissible testimony to establish such promise, and reliance thereon?

2.   Did the defendant waive the failure of the plaintiff to reply to the matter alleged in this special plea, by proceeding to trial without objection upon this ground?

3.   Can the defendant avail itself of the failure to file a replication setting up the affirmative matter in avoidance of the plea, when it did not object to the introduction of the testimony upon the specific ground that no such replication had been filed?

To properly answer these questions it is necessary that a short statement of the pleadings and facts incident to them be stated.

The allegations of negligence in the declaration charge a defective push car and gasoline motor car and a defective track, and further charges that the motor car and push car were operated over said track at an excessive rate of speed and operated at the time of the plaintiff's injury by the defendants' foreman, and that because of the operation of the motor car and push car at an excessive rate of speed over a defective track at a time when the cars were also defective, the cars were caused to jump the track and to throw the plaintiff onto the track and thereby cause him to suffer permanent injuries.

To this declaration the defendants filed a plea of general issue and a special plea setting up the assumption of risk. The special plea is as follows: "Now comes the defendants in the above-styled cause by their attorneys and for further pleas in this behalf say that the plaintiff ought not to have or recover anything by his said suit because they say that on the occasion in question and under the circumstances as set forth in the declaration the plaintiff assumed the risk incident to using the motor car and push car in question; and he assumed the risk incident to riding on the motor car or push car in the condition complained of; and he assumed the risk incident to the derailment of the motor car and push car under the circumstances complained of. And this the defendant is ready to verify."

I respectfully direct the court's attention to the fact that it is not shown in the pleading that the defendants nor the plaintiff were engaged in interstate commerce and particularly that the special plea does not set up nor in any manner plead that the defendants were engaged in interstate commerce. A formal replication to the defendants' special plea was not filed by the plaintiff.

A jury was impaneled after the plaintiff and the defendants announced ready for trial and the trial was commenced by the plaintiff's testimony. The attention of the court was not called to the fact that no formal replication had been filed in answer to the defendants' special plea. After the testimony was introduced by the plaintiff in his behalf, the charges of negligence in the declaration were fully set out and supported by the evidence. It was brought out by the defendants on cross-examination that the defendants were engaged in interstate commerce and that the plaintiff was also engaged in interstate commerce. It was further brought out that the plaintiff knew the cars were defective and also knew that the track was defective at the place where he was

injured.  The defendants made the following motion:
"Comes the defendant by its attorney and moves the
court to exclude the evidence offered by the plaintiff and
to direct a verdict for the defendant."  Prior to the
ruling of the court upon this motion, the plaintiff moved
the court to be allowed to re-open the case and introduce
the plaintiff again.  This was allowed by the court.  This
testimony given by the plaintiff shows that a complaint
had been made by the plaintiff to the defendants' fore-
man of the condition of the motor car and push car and
of the track at the place where the plaintiff was injured,
and he had been promised by the defendants' foreman
that these conditions would be remedied, and that be-
cause of such promise made by the defendants' foreman,
the plaintiff was induced to remain in the employ of the
defendants.  This testimony further shows that within
a very reasonable time after this promise was made by
the defendants' foreman and at a time when the plain-
tiff thought these conditions had been remedied, that
the cars derailed, and the plaintiff was injured.  The ob-
jections made by the defendants to this testimony given
by the plaintiff were that there is nothing in the declara-
tion to support such testimony.  At the close of this tes-
timony, the plaintiff again rested his case, and the de-
fendants renewed their motion which was sustained by
the court.  Thereupon the jury was peremptorily in-
structed to find for the defendants, and from this judg-
ment and verdict, the plaintiff appealed to this court.

The defendant having pleaded the affirmative defense
of assumption of risk, it was not necessary for the plain-
tiff to reply in avoidance of this plea, for reliance upon
a promise of the master to remedy the defective appli-
ance and conditions in order to render admissible tes-
timony to establish such promise and reliance thereon.
The defendants' special plea does not set up the fact that
the defendants were engaged in interstate commerce.  It
is, therefore, insufficient under the law of this state, as the

doctrine of the assumption of risk has been abolished in Mississippi, except as to conductors and engineers. The defendants proceeded to trial without calling the attention of the court to the failure of plaintiff to make a formal replication to the special plea. Judgment upon the special plea was not asked, and further, it could not have been granted if it had been asked, for the reason that the plea is insufficient as stated. After the testimony of the plaintiff was introduced, it was brought out by the defendants on cross-examination that the defendants were engaged in interstate commerce. Thereby a situation was created by the defendants which had to be met by the plaintiff with whatever facts he had. Therefore, when the defendants moved the court for a peremptory instruction and based this motion upon the doctrine of the assumption of risk, under the Federal Employers' Liability Act, the situation was met by the plaintiff by re-opening his case and introducing the testimony as to the complaint and promise to fix and the plaintiff's reliance thereon. This testimony was not objected to by the defendants upon the grounds that it was not admissible because the plaintiff had failed to reply to the plea and set up these facts. I submit, therefore, that this evidence was admissible and that it was not necessary for the plaintiff to have made a formal replication. 31 Cyc. 245.

The defendants waived the failure of the plaintiff to reply to the matter alleged in the special plea by proceeding to trial without objection upon this ground. The attention of the trial court was not called to the fact that no formal replication had been filed in answer to the defendants' special plea. A jury was impaneled and after the statements of the plaintiff's and defendants' case was made to them, the plaintiff's evidence was introduced and at no place is it shown that the defendants made an objection to the plaintiff's evidence, because no replication was filed to the defendants' plea. At no

place is it shown that the defendants moved the court for a judgment upon the special plea. The trial was had exactly as if the issues had been properly joined in every particular. I submit that the informal joinder of issue was sufficient.

After the case was over in the trial court, the plaintiff appealed to the supreme court. The plaintiff's brief in the supreme court is based upon the erroneous rulings of the trial court and especially in granting the peremptory instruction. The defendants filed a reply brief to the plaintiff's brief in the supreme court and the case was submitted to the supreme court. The questions now raised by the court were not at any time or place during the trial of this case raised by the defendants. The failure of the plaintiff to reply to the special plea was not raised at any time during the trial of this case. I submit that the failure to so reply has been waived by the defendants and that if this is inaccurate, that the informal joinder of issue was sufficient. 31 Cyc. 733.

On this question of waiver there have been several decisions of our court. *Coleman* v. *Bowman*, 135 Miss. 137, 99 So. 465; *Kinney* v. *N. J. & H. C. R. R. Co.*, 99 Miss. 795, 56 So. 165; *Slaydon* v. *McDonald*, 82 Miss. 504, 34 So. 357; *Grubbs* v. *Collins*, 54 Miss. 485; *Phillips* v. *Cooper*, 50 Miss. 722; *Noble* v. *Terrell*, 64 Miss. 830, 2 So. 14; *Berry* v. *McGee*, 105 So. 518.

The defendant cannot avail itself of the failure to file a replication setting up this affirmative matter in avoidance of the plea, when it did not object to the introduction of the testimony upon the specific ground that no such replication had been filed. It is fundamental that where no objections are made to the evidence introduced, its admissibility is waived. The defendants did not raise the question of the admissibility of the evidence introduced by the plaintiff in avoidance of the defendants' special plea at any time during the trial or in the supreme court on the ground that it was not admissible,

because it was not set up in a formal replication. I submit the reply was not necessary. The defendants did not plead the fact that they were engaged in interstate commerce, therefore, the doctrine of the assumption of risk did not apply, until the testimony was brought out by the defendants on cross-examination of the plaintiff's witnesses that the defendants were engaged in interstate commerce. If at this time a motion had been made for judgment on the grounds that no replication was filed to the plea, it would have been the duty of the court to allow an amendment to be made to the pleadings. Certainly the defendants cannot say that they were prejudiced because the case was brought fairly to trial as upon formal joinder of issues, and as if a formal replication had been filed to a sufficient plea. See 31 Cyc. 754; Sec. 1, part 1. In *Binns* v. *Stokes,* 27 Miss. 239, the following rule is set forth: "The court should in every instance where it can possibly be done confine its action to a review of the case as it was tried below, and should never tolerate objections made for the first time here; and, if they are such as could have been waived by agreement of the parties either expressed or implied from their contentions on the trial before the jury it will be presumed they did waive them. The court will notice errors to a party's prejudice but those he could waive, and which it is presumed he did waive, are not considered to his prejudice." Sec. 610, Hemingway's Code, 1927. Section 595, Hemingway's Code 1917, which is the Statute of Jeofails, is sufficient to answer the questions asked by the court.

*Additional brief* for appellees.

Counsel for appellant argues that it was not necessary for the plaintiff to reply in avoidance of this special plea in order to render his affirmative matter competent, and bases his argument upon the proposition that since the

special plea did not expressly set up the fact that at the time of the alleged injury the plaintiff and defendant were engaged in interstate commerce thereby making the case one arising under the Federal Employers' Liability Act it was insufficient and stated no defense. If it was not necessary for the plaintiff to make a formal replication, and he made none; and if a judgment for the failure to reply to the special plea "could not have been granted for the reason that the plea was defective" then why all this argument about the defendant waiving its right to object to this testimony? Are we to assume that because of its failure to make a foolish, useless and frivolous motion for judgment the defendant thereby opened the flood gates to the plaintiff permitting him to offer any new and additional facts he might see fit to put in? The special plea was seasonably filed. It was on file before the case went to trial. Counsel says it was insufficient and no reply thereto was needed. It was his privilege to judge of its sufficiency. If he elected to treat it as a nullity and join issue on it that was his affair. And counsel in reply to question 3 asked by the court says when these facts were brought out and the plaintiff undertook to meet them by showing his complaint and promise to repair. If at this time a motion had been made for a judgment on the ground that no replication was filed to the plea, it would have been the duty of the court to allow an amendment to the pleadings. Would this not have been a most remarkable thing to do? The time for making any such motion as that expired when the trial was commenced on the issue, in short, on the plea. And besides, if the court would have allowed at that time an amendment to the pleadings, why didn't the plaintiff's attorney ask for leave to amend his declaration when the evidence was objected to on the ground that it was not stated in the declaration? All the authorities agree upon the proposition that this act does not have to be pleaded, or expressly referred to in any

pleading. The courts are presumed to be cognizant of its enactment and when the facts alleged or proven bring the case within the act, full effect must be given to it. *Grand Trunk Ry. Co.* v. *Lindsey,* 223 U. S. 43, 58 L. Ed. 838. The fact that a special plea may be insufficient in law, does not of itself warrant its total disregard. If this plea was insufficient and presented no defense, then the proper way to get rid of it would have been by a demurrer. But no demurrer was filed and the case proceeded to trial on the issues presented by the pleadings. "Pleadings are not required to set out all the details, and the matter will be determined on the introduction of the proof." *Robertson* v. *Monroe County,* 118 Miss. 541.

Appellant contends that because the defendant did not move for a judgment on the special plea it will be held to have waived its right to object to the affirmative matter offered by the plaintiff. Was not the issue joined on the special plea, informally as he says? The only thing the defendant could do was to object to the affirmative evidence when it was offered and this was done. The Bowman case and the Kinney case and others cited by counsel were cases where the contention was made that judgment as for failure to reply to the special pleas should have been entered. After the informal joinder of issue on the defendant's special plea of assumption of risk in this case had been made up, would the court have been warranted in granting the motion of the defendant for such a judgment, and had such motion been made and sustained, would this court allow it to stand? We think not.

Appellant seems to proceed on the theory that no objection was raised by the defendant on the affirmative evidence offered by the plaintiff. There was such an objection made and by the court overruled and an exception noted. Later and after all the plaintiff's evidence was in, this evidence was by the court excluded. Let us there-

fore examine this question a bit and see if the action of the court in excluding it was warranted. Or rather, if the defendant waived its right to object to the affirmative matter offered by the plaintiff by not objecting on the specific ground that no replication had been filed. The case proceeding to trial on a declaration, a plea of the general issue and a special plea setting up the defense of assumption of risk with issue joined in short. No new or affirmative matter or issue was injected into the case by the plaintiff. It certainly appears to us that the more logical view would be to treat the plaintiff, under these circumstances, as traveling on his declaration entirely up to such time as the defendant might offer affirmative proof under its special plea of assumption of risk. If the defendant had offered this proof and the plaintiff had undertaken to avoid it by offering in rebuttal thereof testimony as to the complaint and promise to repair, then the proper ground for the defendant's objection would have been that it was incompetent because not set up by way of replication to the special plea. Even if no plea of the assumption of risk had been filed at all the defendant, under the circumstances in this case, would have been entitled to the benefit of the defense. The facts supporting the defense of assumption of risk were all brought out by the testimony of the plaintiff himself. Suppose if you please, we had gone to trial in this case merely on the plea of the general issue, would we not have been entitled to the benefit of the defense of assumption of risk when the plaintiff himself testified to the facts reflected in this record which clearly and unmistakably support the defense? The sole purpose of the special plea setting up this defense is to give notice to the plaintiff that the defendant expects to offer affirmative proof on the subject of assumption of risk. It is not filed as a warning to the plaintiff not to put in evidence to support the defense of assumption of risk. He is at liberty to testify to any competent fact pertaining to his

cause of action. If he starts out and testifies to a set of facts which preclude his recovery then no testimony of any kind from the defendant is required. *McMurtray* v. *L. N. O. & T. Ry. Co.,* 67 Miss. 601, 7 So. 401, is squarely in point on this proposition. The court said: ''The counsel for appellant insists with much earnestness and skill that, for a preliminary error of the court below, which we will now notice, the judgment must be reversed. The contention of counsel is that the defense of contributory negligence is an affirmative one, and was not available for defendant in this case, as it was not set up in a special plea. We think counsel misapprehended. If plaintiff's pleadings and proofs had left the case blank as to his contributory negligence, and it had become necessary for defendant to take the affirmative, and show as a defense plaintiff's contributory negligence, then we suppose it would be the practice to require such defense to be set up under a special plea. But when, as in the case, the contributory negligence is palpably made to appear by all the plaintiff's evidence we are aware of no rule, nor can we see the reason for any rule, requiring a defendant to either plead or prove such contributory negligence.''

The special plea under the issue in short amounted to no more than a notice under the general issue that the defendant would if necessary offer evidence to prove that the plaintiff assumed the risk. The declaration was the only pleading the plaintiff in this case had. It did not contain any allegation tending to support this evidence and when that fact was called to his attention in the course of the trial, instead of asking for leave to amend, he elected to proceed. The defendant's attorney knew nothing of the existence of any such facts as these when the case proceeded to trial. We did not know that the plaintiff was in possession of any facts which should have been pleaded in avoidance. The doctrine of promise to repair does not extend to all cases. Where it is

shown that the risk is so obvious, immediate and constant that a reasonably prudent person would not have incurred it, then the doctrine does not apply. *S. A. L. Ry. Co.* v. *Horton,* 233 U. S. 492, 58 L. Ed. 1062; *District of Columbia* v. *McElligott,* 117 U. S. 621, 29 L. Ed. 946; Labatt on Master and Servant, section 1349-g.

Argued orally by *James W. Cassedy, Jr.,* for appellant.

Cook, J. The appellant, J. W. Watkins, instituted this suit in the circuit court of Scott county against the Gulf, Mobile & Northern Railroad Company, and the Jackson & Eastern Railway Company, seeking to recover damages on account of personal injuries alleged to have been sustained by him while employed by said railroads as a member of the bridge gang. The declaration alleged that a motor car and push car were used by members of the bridge crew in going to and from places on the railroad line where they were engaged in repairing bridges, the push car being used as a trailer behind the motor car; that the push car was in a defective and dangerous condition in that its "axles were bent and out of line and whenever the wheels turned, they would wabble;" that the motor car was likewise in an unsafe condition; that on account of said condition the motor car and push car had several times run off the track and wrecked; and that this dangerous and defective condition of these cars was known to appellee, or could have been known by the exercise of ordinary care.

It was further averred that appellees' railroad track was in a dangerous and defective condition on account of the fact that the rails were laid too far apart, and that the appellees knew of this condition, or could have known it by the exercise of ordinary case. It was further averred that, on account of this dangerous and defective condition of these cars and railroad track, the push car on which appellant was riding to his work was wrecked,

thereby resulting in serious injury to him for which he sued. To his declaration a plea of the general issue and a special plea invoking the doctrine of assumption of risk were filed. No replication was filed to this special plea, but issue was informally joined thereon.

Appellant offered testimony tending to establish that the push car and the motor car and the track were defective and dangerous in the particulars alleged in the declaration. Appellant testified that he was employed as a member of the bridge crew, and it was necessary for him to ride to and from his work on these cars; that he had been engaged in this work for several months; that the axle of the push car was bent and the wheels wabbled; that this dangerous and defective condition of these cars had continued for several months; that, on account of this condition, the cars had been wrecked several times; and that he knew of this dangerous and defective condition for a long time prior to his injury.

On cross-examination of appellant's witnesses, it was developed that the appellees were engaged in interstate commerce, and that appellant was likewise engagd at the time of his injury, thus bringing the case within the provisions of the Federal Employers' Liability Act ([45 U. S. C. A., sections 51-59] U. S. Compiled Statutes, sections 8657-8665), under which the doctrine of assumption of risk applies. At the conclusion of appellant's evidence, the defendants filed a motion to exclude the evidence and to grant a peremptory instruction in their favor. After the argument of this motion, but before the court had passed upon it, the appellant requested that the case be reopened for the introduction of further testimony, and, over the objection of the defendants, this request was granted. Thereupon the appellant was again called as a witness, and he testified that, two or three days before the wreck in which he was injured, he complained to the foreman of the bridge crew in regard to the defective condition of the cars on which he was required to ride, and

also in regard to the defective condition of the track, and that he then informed this foreman that, on account of the danger to which he was exposed, he would have to quit his work, unless these conditions were remedied; and he further testified that the foreman promised to have these defects remedied, and thereby he was induced to remain in the employment of the appellees. When this testimony in reference to the complaint to the foreman and the promise to repair the defects was offered, the defendants objected on the ground that there was nothing in the declaration to support any such testimony. This objection was overruled, and the testimony admitted. At the conclusion of this testimony, the defendants renewed their motion for a peremptory instruction and this motion was sustained, and from the judgment entered in pursuance of the peremptory instruction, this appeal was prosecuted.

When the appellant first rested his case, the defendants were undoubtedly entitled to a directed verdict, as there was nothing in the proof to suspend the application of the doctrine of assumption of risk. It was within the discretion of the court to permit the reopening of the case for the introduction of further testimony. When the appellant secured a reopening of the case and then sought to avoid the effect of the doctrine of assumed risk by offering testimony that he had complained to the superintendent of the work in regard to the defective and dangerous condition of the cars, and that this superintendent had induced him to continue in the employment by promising to repair the defects, this testimony was not objected to on the ground that the fact that such complaints and promise to repair had been made was not set up by way of replication to the special plea of assumption of risk, but it was objected to on the ground that "there is nothing in the declaration to support any such testimony."

The appellees contend that since, under the appellant's own proof, as it stood at that stage of the trial,

it appears that appellant had assumed the risk of the defective conditions under which he was required to work, testimony in avoidance of the doctrine of assumption of risk was not admissible, unless the facts in avoidance thereof were set forth in the declaration, and, therefore, that the ground of the objection was properly assigned, and the objection to this testimony should have been sustained.

Conceding, for the purpose of this decision, the correctness of this contention of appellees, it does not follow that, for that reason, the action of the court below in granting the peremptory instruction was correct. If the court below had sustained the objection to this testimony on the ground that there were no averments in the declaration to support it, the appellant would have been entitled, under such proper conditions as the court might have imposed, to amend the pleadings so as to render it admissible. But the court overruled the objection and admitted the testimony, and the appellant was not called upon to amend his pleadings. With this testimony in the record, the peremptory instruction should have been refused and the cause submitted to the jury, and a party in whose favor an erroneous judgment has been rendered cannot sustain it upon the ground that the judgment would have been correct if the court had not erroneously admitted testimony when, if the testimony had been excluded, the opposite party would have had the right to render such testimony admissible by amending the pleadings.

We do not think the testimony in this case shows that the danger was so obvious, immediate, and constant that a reasonably prudent person would not have incurred it pending the carrying out of the promise to repair, or that a definite and fixed time was agreed upon within which the repairs were to be made, or that more than a reasonable time for making the repairs had elapsed before the injury to appellant, and, under the evidence in

the record, we are of the opinion that it was error to grant the peremptory instruction requested by the appellees.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*