WALLACE *et al.* *v.* BRAMLETTE.

(Division A. Feb. 23, 1932.)

[139 So. 627. No. 29861.]

Jones & Stockett, of Woodville, for appellants.

Clay B. Tucker, of Woodville, for appellee.

Argued orally by **Peter Stockett**, for appellants.

**McGowen, J.**, delivered the opinion of the court.

This is a replevin suit in which the plaintiff in the court below, Bramlette, was awarded by the jury, and judgment of the court, the possession of a certain bed. The issue of fact submitted to the jury was whether or not there was a contract of special agency between Bramlette, the appellee, and Dominick, by which the bed in controversy was to be purchased by the latter for Bramlette, and whether there had been a termination of an oral agreement to that effect. The evidence is conflicting, and we find no reversible error in the record on this phase of the case. As to the possession of the bed, the verdict of the jury, and judgment entered thereon, will be affirmed.

There is error, however, in the record on the issue made by the evidence as to the value of the bed in controversy. Bramlette, without having been qualified, or cross-examined as to his knowledge of the value of a bed of this kind, testified that the bed was worth two hundred twenty-five dollars. He also testified that he was to pay for it the sum of twenty-five dollars and to give the rent of an office to Dominick for an indefinite time. It was shown, without controversy, that Wallace, the appellant, purchased the bed from Dominick for a consideration of twenty-eight dollars.

In this state of the record, the court below gave a peremptory instruction to the jury that the value of the bed

was two hundred twenty-five dollars. The evidence as to what the bed actually sold for at or about the time the cause of action accrued in this case was competent evidence. Value may be proved in a replevin suit in the same manner as it is proved in other cases where the value of real or personal property becomes an issue in the case. It was not shown in this case whether or not a bed of the description of the one in controversy had a market value in that community. In the argument, it is stated that this bed was an antique, but we do not find evidence of that in the record. The briefs of counsel do not aid us on the question of value.

In the case of Singletary v. Ginn, 153 Miss. 700, 121 So. 820, this court held that where there was a suit for breach of contract, the price agreed upon in the contract was competent evidence, and a judgment could be predicated on the contract price as evidence of the value of the timber in controversy. Williston on Contracts, vol. 1, p. 536.

We are of opinion that the sale price of the bed about the time the cause of action accrued is some evidence of the value of the article, which the jury should have been allowed to consider. Alabama & V. Railroad Co. v. Searles, 71 Miss. 744, 16 So. 255; Budd v. Van Orden, 33 N. J. Eq. 143; 13 Ency. of Ev., p. 538, par. 6. We add only that no objection was made to any of the evidence offered as to the value of it. The return of the officer in this case showed the valuation of this property at two hundred twenty-five dollars; and the officer's valuation in his return is prima facie evidence of the value of the property. Section 3086, Code 1930. But the other evidence to which we have called attention should have been submitted for the consideration of the jury. The peremptory instruction was reversible error.

For the error as to the value of the property, this case will be reversed and remanded on that issue alone in order that a jury may be impaneled to ascertain the value

of the property in controversy. The case will be affirmed as to the verdict and judgment on the right of the appellee, Bramlette, to the possession of the property.

Affirmed in part; reversed and remanded in part.