PITTMAN v. EBERHART DENTAL SUPPLY Co.

(Division B. Nov. 13, 1933. Suggestion of Error Overruled, Dec. 4, 1933.)

[150 So. 813. No. 30810.]

George R. Nobles, of Jackson, for appellant.

Horton & Sanders, of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Eberhart Dental Supply Company sued out a writ of replevin against Dr. R. D. Pittman to recover certain dental supplies valued at one thousand one hundred ninety-two dollars and fifty cents alleged to be wrongfully detained by Dr. Pittman. The affidavit did not give the value of each article separately, but the writ issued by the justice of the peace, returnable before the circuit court, values the articles as one Ritter limit type 6 mahogany serial No. 14009, valued at eight hundred ninety-five dollars; air compressor No. 50562, valued at

two hundred twenty dollars; one Ritter trombone arms complete, valued at fifty-nine dollars; and one Ritter air compressor difference in chair No. 57501, valued at fifty dollars, less credits, making a total value of one thousand one hundred ninety-two dollars and fifty cents. The sheriff's return showed that he took into his possession with bond filed property described as one Ritter limit type 6 mahogany No. 14009, value eight hundred ninety-five dollars; one Ritter trombone arms complete valued at fifty-nine dollars; one Ritter compressor difference in chair 57501, valued at fifty dollars; one air compressor not found.

Declaration was filed in the circuit court in replevin describing the property and giving the total value at one thousand one hundred ninety-two dollars and fifty cents, without valuing the articles separately, but giving credits of one hundred nineteen dollars and twenty-five cents cash, one hundred fifty dollars allowed on secondhand goods; two hundred forty dollars payment on notes, attaching to the declaration a copy of the contract of the purchase of the said dental supplies, showing the total purchase price to be one thousand one hundred ninety-two dollars and fifty cents less credits of one hundred nineteen dollars and twenty-five cents; one hundred fifty' dollars, and a balance to be due, including certain charges for interest, etc., of one thousand eighty-nine dollars and forty-four cents. Among other things, this contract stipulated that ''salesmen for vendor are not permitted to collect any money whatsoever under this contract, or the notes given, except the initial cash payment, unless authorized in writing by vendor so to do. When all payments provided for herein shall have been made in full for cash, and the other conditions of this agreement performed, then title to the said property shall pass to the vendee,'' and that it was expressly understood that ''this contract shall not be subject to countermand or rescission by vendee, and that it covers all agreements concerning this transaction of every name and nature,

and no representations made by an agent or any other person, not included herein, shall be binding. The loss, injury or destruction of said property shall not operate, in any manner, to release vendee from payment as provided herein, or on the notes given, and renewals or extensions in the time of payment shall not release vendee from the conditions of this agreement."

The defendant filed a plea of general issue, and sought to prove, by himself, that he bought the outfit upon representations that it was the latest and best equipment in the dental supply business; had it placed in his car at Atlanta, Georgia, where he purchased it, and drove to Jackson, Mississippi; had it set up in his office and attempted to use it, but it proved to be defective, in that it had no forward movement, but only a backward movement, unless he stopped and crossed the band; and that such a machine should be so adjusted as to run forward and backward, both movements being necessary and required in the work of a dentist. Defendant alleged that he had an electrician try to adjust the machine, but without success, and that the seller, the appellee here, sent a man from the factory on complaint being made, but that this last man could not fix the machine so that it would work properly, and that it was unsatisfactory because of the delay in stopping and changing the bands; that when he purchased this machine he was shown one that worked both ways and was a proper machine; that he had never used this type of machine, and did not go to appellee to purchase any particular type of machine, but to purchase suitable supplies for his office he proposed to establish in Jackson, Mississippi, he intending to move there from another point for the practice of his profession, and that he was assured that these supplies were all right and were the best equipment in the dental supply business, and that the defective instrument was the one costing eight hundred ninety-five dollars. He was asked if the machine was worth as much as if it had been in perfect order, to which objection was made, and

on the hearing, the court excluded the evidence and granted a peremptory for the appellee, and judgment was entered accordingly, from which judgment this appeal is prosecuted. The verdict of the jury was, ''We, the jury, find for the plaintiff,'' and did not set out the value of the articles replevied, nor did it find the total value thereof.

Upon such a verdict, it was adjudged that the defendant and the sureties on his bond restore the personal property described in the sheriff's return without valuing the articles separately, or that the plaintiff be paid its limited interest therein in the sum of one thousand four dollars, for which execution might issue.

The argument before the court below, and in the briefs upon the question, was as to whether the terms of a written contract could be varied, and whether an implied warranty existed.

It will be seen that this suit is one of simple replevin, and that only two questions are involved: First, whether the plaintiff is entitled to the immediate possession of the property; and, second, if so, what the value, separately valued, is?

The jury did not find the value of the property by items, and the judgment, itself, did not find same.

We think the evidence offered was competent to show that the property was valued at a less sum than that stated in the contract.

The contract would not be conclusive on the value. It might be owing to variable conditions different from the purchase price, either by increase or decrease of the market value, or by the use of the machine.

The defendant had the right to pay the value found by the jury on either one of the separate articles replevied, and to restore the other property. This suit is not one simply upon notes, nor is it a proceeding to enforce a vendor's lien under statutory proceedings. The jury should have found the value of the articles separately so that the defendant might have exercised his legal

rights by restoring or paying, at his option, for the articles replevied.

For the errors indicated, the judgment will be reversed, and the cause remanded for a new trial.

Reversed and remanded.