COMFORT *v.* SMITH.

(In Banc. April 9, 1945. Suggestion of Error Overruled May 14, 1945.)

[21 So. (2d) 584. No. 35827.]

J. E. Parker and L. J. Broadway, both of Meridian, and
E. C. Templeton, of Fayetteville, Tenn., for appellant.

M. V. B. Miller, of Meridian, for appellee.

L. A. Smith, Sr., J., delivered the opinion of the court.

This suit originated in the Chancery Court of Lauderdale County, wherein appellee sued the administratrix of the estate of W. A. Bledsoe, deceased, to recover possession of a diamond, set in a man's ring, demand for which had been made by appellee and refused by appellant. The chancery court in its final decree held the stone to be the property of appellee and directed appellant to

have it removed from its mounting and thereupon to deliver it to appellee. From this decree appeal here was taken by the administratrix.

The deceased, W. A. Bledsoe, was a widower, and was Circuit Clerk of Lauderdale County at the time of the occurrences involved. The administratrix was one of his office deputies, as was also Mrs. Rivers. Mr. Bledsoe fell very much in love with appellee after his wife's death, and they were engaged to be married. The ring was worn constantly by him, except as will appear later in this opinion. On one occasion, some person in his office inquired what he intended to give appellee for a Christmas present, and he said, the ring. On a later occasion, he told a witness he had given it to her, and for several days thereafter, it appears, for the first time the ring was missing from his finger. Mr. Bledsoe suffered from a heart ailment, and was confined later to his home from said cause, but came back to his office stating he had come down to have the stone removed from the man's setting to a woman's setting, for appellee. However, before he could do so, he became ill again and returned home, subsequently being removed to the hospital, where he thereafter died intestate.

In one of the conversations referred to supra, he said to be his deputy, Mrs. Addie Rivers, that he had given the ring to appellee, and that it was not his but her ring, and on his last errand down town he stated his mission was to have the stone placed in a new mounting for her. Three weeks afterward Mr. Bledsoe died, but on the morning of the day he passed away Mr. W. C. Moore, a close friend, was visiting him, and Mr. Bledsoe delivered the ring to him to be turned over to Mrs. Rivers, with the statement, "she would know what to do with it." Mr. Bledsoe at an earlier date had instructed Mrs. Rivers that "if anything happened to him he wanted me to see that Miss Bessie Smith got the ring." Mr. Moore, upon receiving the ring, carried it to Mrs. Rivers, stating, "he said you knew what he wanted done with it." About

ten minutes after this event, Mrs. Rivers was informed by telephone that Mr. Bledsoe had died, before she had opportunity to transfer possession of the ring to appellee. She, therefore, deposited the ring in Mr. Bledsoe's private vault.

At the time of making the inventory of the personal assets of the estate the matter of the ring came up for discussion. Appellant called to the attention of the solicitor for the estate that appellee claimed the ring, and that it had been turned over to Mrs. Rivers to be put in possession of appellee, and that "she was the rightful owner." Reluctantly, on the instructions of the said solicitor, the administratrix retained possession, and the litigation ensued, with the result stated supra.

We think the chancery court reached the correct solution on the pleadings and the facts, as to which, some were in contradiction, and that the gift was completed as a gift inter vivos; and was the property of appellee at the time of the death of Mr. Bledsoe.

We are not overlooking the rule that in order for a gift to be proved, it must not only appear that the donor intended to make the gift, but consummated it by an actual, constructive, or symbolical delivery of the property to the donee, and mere declarations of the owner that he had made the gift unaccompanied by acts showing the delivery of possession, or an absolute parting with all dominion and interest, are not sufficient to render the gift valid. Wheatley v. Abbott, 32 Miss. 343; Garrison v. Union Trust Co., 164 Mich. 345, 129 N. W. 691, 32 L. R. A. (N. S.) 220.

There is the further rule, however, that it is sufficient evidence of the gift if it clearly appears that the donor has relinquished, and the donee has acquired, all dominion over and control of the property. 28 C. J. 638; 38 C. J. S., Gifts, Sec. 24; Carradine v. Collins, 7 Smedes & M. 428; Young v. Young, 25 Miss. 38; Wheatley v. Abbott, 32 Miss. 343.

In our opinion the evidence clearly shows actual delivery by Mr. Bledsoe to appellee, when, following his

statement he had given the ring to her, for the first time the ring was missing from his finger for several days, and he later came down and said it was her ring and he was going to have the setting changed for her, which he was prevented from doing by a heart attack, from which he died three weeks later, 38 C. J. S., Gifts, Sec. 67, p. 877; Garrison v. Union Trust Co., 164 Mich. 345, 129 N. W. 691, 32 L. R. A. (N. S.) 220; and also, if the completeness of this gift then be challenged, when he gave the information and instructions to Mrs. Rivers about the ring, supra, and sent it by messenger to her on the day he died, as she would know what to do with it, he having previously told Mrs. Rivers that if anything happened to him he wanted her to see that appellee got the ring, which messenger delivered the ring to Mrs. Rivers. The evidence, considered all together, in our judgment sustained the judgment of the chancery court that Mr. Bledsoe made a gift inter vivos to Miss Smith of the ring, under the pertinent rules of law.

Being of the opinion, therefore, that the decree awarding the stone to appellee, as she prayed in her bill only for the stone, is correct, the same must be and is affirmed.

Affirmed.