SCOTT *v.* McCLINTON.

May 19, 1952.

No. 38339 (58 So. (2d) 913)

Chas. C. Jacobs, Jr., for appellant.

Alexander, Feduccia & Alexander, for appellee.

**Lee, J.**

Ella Scott made affidavit, as required by statute, to replevy from Sank McClinton the cow and calf involved in this litigation. The sheriff executed the writ, took the property, and valued the animals at $160 and $75 respectively. He thereupon delivered the same to the affiant after she tendered a bond in double the value which he had fixed.

Ella then filed her declaration in the circuit court. Sank filed a general issue plea, and gave notice that he held the cattle as the agent of Mary Riggins, the sole surviving heir at law of Alex McClinton, deceased. Mary Riggins, in her capacity as administratrix, filed a claim to the cattle.

At the trial, Ella introduced evidence to show the following: Alex McClinton lived at her house. She cooked and washed for him. They were good friends. Alex had the cow and calf brought to her home, and

they were placed in her possession. He told several witnesses that he had given the cattle to her. The cattle had been in her possession about thirty days when Alex died. If this evidence was believed, it showed that Alex intended to make a gift of the cattle, and that he consummated the gift by actual delivery to Ella. Comfort v. Smith, 198 Miss. 152, 21 So. (2d) 584; Allison v. Allison, 203 Miss. 20, 33 So. (2d) 619.

However, Ella offered no proof as to the value of this property. She did not even introduce the writ with the officer's return. Neither did she offer any proof that the cattle were wrongfully taken from her possession.

When Ella rested her case with these two material elements omitted, Sank made a motion to exclude and for a directed verdict in his favor, assigning the two omissions and other reasons. Ella immediately asked to reopen the case in order to show the value of the cattle. A colloquy, or running argument between counsel, then ensued, during which the trial judge interspersed several comments. Finally, counsel for Ella said: "Your Honor, will you give us permission to reopen the case and make such proof as the court deems necessary on this motion of the defendant?" There was then a further short comment by each of the counsel, and the court said: "All right, reopen and offer such proof as you want." Again there was a short comment by each counsel, when the court said: "I am going to give a directed verdict for the defendant." Such verdict was entered, and Ella appeals.

Manifestly the court would have been right in sustaining the motion to exclude, if no request to reopen had been made, because two material elements were lacking in the proof. However, there was a request to reopen, and the court actually sustained the motion. It should have been a simple matter to make the proof as to the value. ▆▆ The introduction of the writ, with the officer's return, would have been prima facie. Sec. 2848, Code of 1942. Wallace v. Bramlette, 163 Miss. 44, 139

So. 627. Moreover, since Sank McClinton admitted that he took possession of the cattle, it should have also been a simple matter to show whether or not such taking was wrongful.

 A trial court has the right, in its discretion, to reopen a case for further testimony after the plaintiff rests and before passing on the motion for a peremptory instruction. Watkins v. Jackson & E. R. Co., 149 Miss. 766, 115 So. 897. See also 3 Am. Jur., Appeal and Error, Sec. 971, p. 533.

 In view of the fact that there was no occasion for any extraordinary delay or loss of time by the court, and that it is desirable, in the administration of justice, that the rights of the litigants shall be fully and fairly presented and tried, we think that the rule announced in French v. Canton A. & N. R. Co., 74 Miss. 542, 21 So. 299, should have been followed here. Besides, in F. W. Woolworth Co. v. Freeman, 193 Miss. 838, 11 So. (2d) 447, 450, where complaint was made because the trial court had allowed the appellee to testify further, after she had rested her case, and after a motion to exclude had been made, the court said: "No error here appears; on the contrary, the court below would have abused its discretion had it not permitted the introduction of this evidence."

We think that the proper exercise of judicial discretion required the reopening of the case; and that the denial of the motion therefor constituted error, for which the cause must be, and is, reversed.

Reversed and remanded.

**Roberds, P. J.**, and **Hall, Arrington** and **Ethridge, JJ.**, concur.