GRIFFIN et ux *v.* BRINSON

No. 41634 December 19, 1960 125 So. 2d 732

*W. E. McIntyre, Jr.,* Brandon, for appellants.

*Joe Bullock,* Brandon, for appellee.

LEE, J.

Mr. and Mrs. Otho Griffin instituted an action of replevin in a Justice of the Peace Court in Rankin County, Mississippi, against Ola Brimson, a Negro woman, to obtain possession of a cow and calf, as fully described in the affidavit. The affiants alleged that they were legally entitled to immediate possession of the animals, made bond therefor, and obtained possession. Subsequently the cow had another calf. The jury trial in the justice of the peace court resulted in a verdict and judgment for the defendant. The Griffins appealed to the circuit court, and, on a trial de novo there, the verdict was as follows: "We jury find for defendant." The verdict neither described the animals nor attempted to fix their values. The judgment ordered the return of the cow and the second calf, which was about three month old, but did not, in the alternative, fix any values. There was also a provision for a judgment against the Griffins and their sureties for $176, the alleged sale price of the first calf, even though such value had not been fixed by the jury. From the judgment entered, the Griffins appealed.

The sole question here presented is whether the judgment is a nullity because the verdict failed to comply with the statute. The appellants contend that, under Section 2861, Code of 1942, Recompiled, they should have had the option either (1) of restoring the property, or (2) paying the value therefor as fixed by the jury.

 █ The following portion of Section 2861, Code of 1942, Recompiled, governs in this cause: "If the verdict be for the defendant, and the plaintiff has given bond for the property, the judgment shall be against the plaintiff and the sureties on his bond that they restore to the defendant the property, *if to be had,* or pay to him the value thereof and the damages for the wrongful suing out of the writ as assessed * * *" (Emphasis supplied.)

This Court, in construing that provision, properly held that the jury must find the value of the articles separately. Pittman v. Eberhart Dental Supply Company, 168 Miss. 23, 150 So. 813. In that case, the verdict was "We, the jury, find for the plaintiff." It did not set out the value of the articles replevied. The judgment was reversed and remanded for a new trial.

In the early case of Spratley v. Kitchens, 55 Miss. 578, where the verdict failed to find the separate values of the several cattle, the judgment was reversed for a writ of inquiry to ascertain the values of the cattle separately, but was not disturbed in any other respect.

In Whittaker v. Goodwin, 97 Miss. 663, 53 So. 413, where the verdict failed to find the value of the property sued for, the cause was reversed and remanded. But, on Suggestion of Error, it was held that the reversal did "not result in a new trial." The case was remanded "for the purpose alone of awarding a writ of inquiry to assess the value of the property and the rendition of the proper judgment on the verdict of the jury in response to such writ." The opinion cited Rushing v. Rushing, 52 Miss. 329, and Spratley v. Kitchens, supra.

In Oppenheimer v. Telhiard, 123 Miss. 111, 85 So. 134, the jury did not, in their verdict, value the articles separately. Because the officer's return did not list the value of the articles separately but showed a total valuation of the articles at $175, the court peremptorily instructed the jury that, if they found for the plaintiff, they should assess the value of the furniture at $175. This Court held that the giving of that instruction was error. However, it affirmed the right of the appellee to recover the property, but reversed for the proper valuation of the various articles of furniture upon proper writ of inquiry.

In like manner, in the case of Wallace v. Bramlett, 163 Miss. 44, 139 So. 627, the Court held that it was

the province of the jury to fix the value of the bed, which was in litigation. The judgment was affirmed as to Bramlett's right to the possession of the property, but the case was remanded in order that a jury might be empaneled to ascertain the value of the property.

While it is true that, in Pittman v. Eberhard Dental Supply Company, supra, the procedural order reversed and remanded the case for a new trial, the effect of that order, under the authorities prior thereto, was to require a new trial only to the extent of empaneling a jury so that it might assess the values of the several articles separately.

Consequently, the right of the appellee to recover the cow and calf and for the value of the calf, which was sold, is affirmed; but the cause is remanded so that, on a writ of inquiry, a jury may assess separately the values of the several animals, in order that, if any of them cannot be restored, the value, as fixed by the jury, may be paid in lieu of restoration.

■■ ■ Either of the parties could have moved the court to have the jury correct its verdict in order to comply with the statute. This Court is of the opinion that they were equally to blame for the patent error in the verdict. Of course the appellants are liable for all costs in the trial courts. But, under the circumstances, the Court is impelled to apportion the costs on this appeal equally between the parties.

Affirmed in part and remanded.

*McGehee, C.J.,* and *Kyle, Arrington* and *McElroy, JJ.,* concur.